*Adams*, for defendant.

*D. A. Smalley*, for plaintiff.

---

ELEAZER GLASS vs. ROBERT BEACH.

In an action between A. & B. ; A may give in evidence on the second trial of the action, what C. testified on the first trial—C. being now dead.

A moral obligation is a sufficient consideration for an express promise.

If a copy of a record be referred to in the Bill of exceptions as improperly admitted in evidence, and is not produced, nor shown to this Court, nor noticed in argument; this Court will consider the objection to the copy to be without foundation, and waived by the party making it.

This was an action of assumpsit founded upon a promise alleged by the plaintiff to have been made by the defendant to pay a certain debt due from the plaintiff's wife to Isaac Foote, jr. & Co. as by the declaration; to which the defendant pleaded the General Issue. On trial of the

cause before the Court and Jury after a statement by the
plaintiff's attorney of the evidence which he proposed to
offer, which was in substance the facts stated in the declar-
ation, the defendant objected to to the introduction of the
evidence on the ground, that it did not shew any consider-
ation for an alleged promise. But the Court over ruled the
objection and decided, that if the facts in the declaration
were proved, they would constitute a legal and suffi-
cient consideration. To prove the promise the plaintiff
introduced Samuel Blin, Esq. who was the justice, who tri-
ed the cause below, who stated that one Wanton Wells,
was a witness before him, that Wells had since died, and
that after Well's death he reduced his testimony to wri-
ting, and is as follows.

That Robert Beach the defendant, on or about the 2d
day of October, 1830, at Hinesburgh, agreed with Elea-
zer Glass, the plaintiff, to pay to one Isaac S. Foote, the
sum of six dollars and fifty-one cents, and also all the costs
that had then been made in a suit, said Foot vs. said
Glass for the above sum of six dollars and fifty-one cents;
and Beach did further agree with Glass to clear him of any
further cost, or damages arising from the said suit. And
further, that previous to this contract, Rossette Wells liv-
ed with Robert Beach some twenty or thirty weeks, and
that he (witness) settled with Robert Beach for Rossette,
his daughter's services, and that six dollars and fifty-one
cents, which was taken up by the said Rosetta at Isaac S.
Foot's Store, was brought in part pay by said Robert for
the said Rosetta's services, (Rosetta is now wife of the
plaintiff.")

. To prove that Foot & Co. had sued the plaintiff and
wife, and recovered payment, the plaintiff offered the co-
py of a record; to which the defendant objected, because
it did not appear to be a suit against Glass and his wife,
but against Glass alone. But the Court over ruled the ob-
jection, and admitted it. The plaintiff offered no other
evidence of any execution or payment of the said Judge-
ment. The defendant then called several witnesses to
impeach the reputation of Wells for truth. And the plain-
tiff called several witnesses to sustain it.

The defendant contended, that, to prove the promise the

Chittenden,
January,
1833.

Glass
vs.
Beach.

plaintiff must produce at least one credible witness, and that the testimony of Wells being thus impeached, there was not before the jury sufficient evidence in law to prove the promise, and that there was no evidence of any consideration. But the Court directed the jury, that, if they believed the testimony of Wells, there was evidence of a consideration, and that if his testimony was true, the promise was proved, and they must find for the plaintiff. To this direction the defendant excepted. There was a verdict for the plaintiff.

*Adams, for defendant,* contended, 1st. The Court erred in their decision, that if the facts in the declaration were proved they would constitute a legal and sufficient consideration.

2d. There was no sufficient testimony before the Court, and the Court ought to have rejected it for insufficiency.

But even if the testimony of Wells was admissible evidence, it did not prove any consideration whatever.

*Briggs, for plaintiff,* contended as follows: The principal question in this case is, whether the consideration for the defendant's promise laid in the plaintiff's declaration be sufficient.

1st. A valuable consideration is one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made. I Kents Com. 2d ed. 465.

2d. Though it is in general true, that if the considerabe wholly past and executed before the promise is made, yet if the plaintiff's act is procured by the defendant's request, the promise is not a naked one, but couples itself with the precedent request. *Lampleigh* vs. *Brathwait,* Hob. 106; 1 Saund. R. 264, N. 1; 2 Kents Com. 465; Chitty on Con 14.

And that request may be implied from the moral obligation under which the party was placed; and the consideration must have been beneficial to the one party, or onerous to the other. *Livingston* vs. *Rogers,* 1 Caines, 584; *Comstock* vs. *Smith,* 7 Johns. 87; 2 Kents Com. 465.

The request may also be implied from the beneficial na-

ture of the consideration, and the circumstances of the
transaction. *Hicks* vs *Buckhart et al*, 10 Johns. 243.

The opinion of the Court was pronounced by

BAYLIES, J.—In this action the plaintiff declared in sub-stance as follows : That on the first of January, 1830, the defendant was indebted to the plaintiff's wife $10, for work and labor done and performed for the defendant, at his special instance and request, before her intermarriage with the plaintiff. And at the same time she was indebted to Isaac S. Foot & Co. in the sum of $6,51 ; and in con-sideration she deducted the sum from her account against the defendant, and discharged the balance, he promised to pay her debt to said Foot & Co. ; but neglected to pay the same ; and said Foot & Co. brought their action against the plaintiff and his wife for the said $6,51 ; but before judgement, the defendant, in consideration of the premis-es, undertook, and promised the plaintiff to pay said Foot & Co. the said $6,51, and save the plaintiff harmless ; but neglected so to do ; and the plaintiff had to pay said Foot & Co. $9,51, being the amount of damages and costs they recovered in their said action ; so the defendant has not kept said promise, &c. .

It appears that Wanton Wells, father of plaintiff's wife, testified for the plaintiff, before the Justice Court ; and af-ter the appeal, and before trial in the County Court, Wells died. His death being proved, it was consistent with the rules of law for the plaintiff to give in evidence, on the tri-al of this action before the County Court, what Wells tes-tified before the Justice Court : It may be given in evi-dence, either from the judges notes, or from the notes that have been taken by any other person, who will swear to their accuracy ; or the former evidence may be proved by any person, who will swear from his memory to its having been given, *Mayor of Doncaster* vs. *Day*, 3 Taun. 262. In this case, there were no notes taken at the trial by the Jus-tice of Peace, or by any body else ; but soon after the death of Wells, justice Blin reduced his testimony to wri-ting : it was this writing which was produced by Mr. Blin, on the trial before the County Court, who testified what Wells swore at the former trial. But the defendant, after

CHITTENDEN,
January,
1833.

Glass
vs.
Beach.

the testimony of Well was given to the jury by Mr. Blin, undertook to discredit Wells, by the testimony of four witnesses, who said his character for truth was not good. And then the plaintiff called three witnesses, whose evidence tended to support Well's character: It was for the jury to say what credit should be given Wells, after hearing the witnesses for and against him. We consider the County Court did not err by instructing the jury, "that if they believed the testimony of Wells, there was evidence of *a consideration*, and that if his testimony was true, *the promise was proved*, and they must find for the plaintiff. Whoever reads the testimony of Wells in this case, must come to the conclusion to which the County Court arrived in their charge. The facts, that the plaintiff's wife, when she settled with the defendant, left in his hands $6,51, of her wages for him to pay over to Foote & Co., in discharge of her debt; and the defendant promising to pay the same, but neglected so to do, until Foote & Co. commenced their action against the plaintiff and his wife for said debt, were a *sufficient consideration* for the defendant's promise to pay the $6,51 to said Foote & Co., and to save the plaintiff and his wife harmless from costs in the action, which Foote & Co. had commenced against them. I consider, that the defendant, before he made this *express* promise, was under a *moral* obligation to do what he *expressly* promised to do; and this obligation, if there were no other inducements, was a sufficient consideration for the defendant's *express* undertaking. If the promise is only to do what an honest man ought to do, the ties of conscience upon an upright mind are a sufficient consideration. 1 Tidd. 379; Cowper, 290; 4 Vt. Rep. 144.

We have not been furnished with the copy of the judgement, *Foot & Co.* vs. *Glass*, and not against *Glass* and *his wife*, as stated in the Bill of exceptions. We therefore consider that the objection to the copy, which was given in evidence of the jury, was probably made without foundation, and is now waived by the defendant, as he does not notice it in his argument. The judgement of the County Court is affirmed.