1841.

Carpenter
v.
Griffin.

---

## CARPENTER *vs.* GRIFFIN & SPENCER.

Where the owner of a farm leased the same, with the cows and sheep then on it, to a tenant for the term of five years, at a certain annual rent, and the lease provided that cows of equal age and quality should be returned to the landlord, at the end of the term, and also the sheep; and a judgment creditor of the tenant, before the expiration of the term, levied his execution upon a part of the cows and sheep originally put on the farm by the landlord, and upon other cows and sheep which the tenant had purchased and put on in the place of those which had been sold; *Held*, that the landlord had no legal or equitable right to restrain the creditor from selling the cows and sheep thus levied on, to satisfy his execution.

Where cattle, or implements of husbandry, or other articles which are not necessarily consumed in the using, are delivered by the landlord to his tenant, to enable the latter to cultivate and improve the premises, and to be returned in property of the same kind and value at the end of the term, but not in the same property specifically, the cattle or goods thus delivered be-

long to the tenant, and not to the landlord, during the term ; and they may be sold by the tenant, or levied on by his creditors for the payment of his debts.

THIS case came before the court upon the several applications of the defendants to dissolve the injunction issued in this cause, so far as the same restrained the exercise of the rights of each in respect to the property in controversy. By the answers of the defendants it appeared that Theodosius O. Fowler, in October, 1836, leased to the defendant Spencer a farm, with the sheep then on it, and thirty cows, for the term of five years from the first of January, 1837, for the rent of $350 annually. And the lease contained the following clause relative to the cows and sheep, which was the only provision in the lease respecting the same : " Cows of equal age and quality to be returned at the end of the said term, and also the sheep." On the 5th of July, 1839, Fowler sold the farm to the complainant, with all his interest in the personal property, stock, farming utensils, &c. In 1837, Spencer purchased and put upon the farm thirteen cows, in addition to those mentioned in the lease, and in 1839, seven other cows ; all of which, as stated in the answer, were purchased with his own funds. These twenty cows, together with eight of the cows mentioned in the lease, and nine others which were raised on the farm or procured with the proceeds of cows and sheep sold, were remaining on the premises in December, 1839, when they were levied on by executions in favor of the defendant Griffin against Spencer. And the hay, farming tools, and dairy utensils, of Spencer, on the farm, were also levied on by virtue of such executions. The complainant thereupon filed his bill in this cause, and procured an injunction to restrain the defendant Griffin from selling the property under his executions or removing the same from the farm ; and to restrain Spencer from selling or disposing of the cows, hay, and dairy utensils, or any other property belonging to such farm.

*C. Stevens*, for the complainant.

*R. H. Gillett*, for the defendants.

1841.

Carpenter
v.
Griffin.

THE CHANCELLOR. Upon the hearing of this application the injunction was directed to be dissolved so far as related to the hay, farming tools, and dairy utensils ; as to which there was no pretence of claim on the part of the complainant under the lease. The only question, therefore, which remains for consideration relates to the cows ; upon which Carpenter claims a specific lien, by virtue of the contract which is supposed to be created by the provisions of the lease relative to the cows and sheep.

If the lease had contained a stipulation that the same stock put upon the farm by Fowler should be returned at the expiration of the term, there could have been no doubt as to the complainant's equitable right to restrain the defendant Spencer from selling or otherwise disposing of the eight cows which are a part of those leased to him, or any other cows, now on the farm, purchased with the proceeds of the original cows which had been sold by the lessee without authority. I infer from the terms of the lease, however, that it was not contemplated by the parties to that instrument that the same cows which were leased with the farm should be returned at the end of the five years; but that the lessee should return to his landlord, at the end of the term, thirty cows of the same age, and equal in value to those which were received at the commencement of the term. If such was the intent and meaning of the contract, I do not see how this case can be distinguished from that of *Hurd* v. *West*, (7 *Cowen's Rep.* 752.) In that case the supreme court decided that where a certain number of sheep were hired by A. to B. at a pound of wool a head per annum, and at the expiration of the time limited, B. was to return to him the same number of sheep and of as good quality, the title to the sheep did not continue in A. ; but that the lessee might dispose of the sheep let, and return other sheep of the same value at the time appointed for the fulfilment of the contract on his part.

In the present case the stipulation in the lease is, to return, at the end of the five years, cows of equal age and quali-

ty ; which necessarily excludes the idea that the identical cows put on by the landlord were to be returned to him at the expiration of the term. For those cows could not be of equal age, although they might possibly be of equal value, with the thirty cows when they were put on to the farm in January, 1837. Contracts of this kind were very common in Scotland previous to the commencement of the present century. Lessors of real estate there, the better to enable their tenants to cultivate and carry on the farms leased to them for a term of years, were in the habit of delivering to the tenant, at the commencement of the term, grain for seed, cattle to stock the farm, and implements of husbandry ; under a stipulation in the lease that the like property, in quantity and quality, should be returned by the tenant at the expiration of the lease. And the property thus let with the farm was in the language of the country called steelbow goods. (*See* 2 *Bells' Law Dict. art. Steelbow goods ; Ersk. Inst. B.* 2, *tit.* 6, § 12.) In relation to goods thus let with the farm, it has been held that whether they be grain which is necessarily consumed in the using, or cattle or implements of husbandry which are not usually considered as fungibles, they are the goods of the tenant, and may be attached and sold for the payment of his debts. (*Trumbull* v. *Ker, Morrison's Dict. of Decis.* 14,777.) And Lord Stair, in speaking of contracts of *mutuum,* that is, the delivery of property to be restored in the same kind and quality but not in the same property specifically, says : " I have no doubt but oxen, kine, and sheep are mutuable ; as is ordinary in steelbow goods, which are delivered to the tenant of the land for the like number and kind at his removal." (*Stair's Inst. Book* 1, *tit.* 11, § 4.)

It is unquestionably competent for the landlord, in cases of this description, to make a contract which will secure to him an equitable lien upon the property put upon the farm for the use of the tenant, or on the proceeds thereof so far as the same can be traced and identified. The case of *Butler* v. *McVicar,* referred to in Bell's Illustrations of the

1841.
——
Carpenter
v.
Griffin.

1841.

Carpenter
v.
Griffin.

law of Scotland, may have been decided upon the ground of such a stipulation in the lease ; though in one report of the case, the court appears to have based its decision upon the ground of a tacit hypothec of all the tenant's property on the farm for the rent of the current year, and that the *steelbow goods* were to be considered as a part of the rent of the farm for the last year of the term, when they were to be restored. (3 *Faculty Col. No.* 144. 5 *Bro. Sup. to Dict. of Dec.* 899.) In the statement of that case by Morrison, it appears that the landlord had inserted a special stipulation in the lease that if the tenant should be distressed by legal diligence, or his means or effects in any way endangered so as to prevent him from being in a situation to perform the conditions of the lease, the landlord might seize upon the steelbow goods *brevi manu*, and apply the same to his own use, for extinction of all claims and demands. Under this clause of the lease, the tenant having died bankrupt, the landlord unquestionably had the right to take the goods into his possession for the security of his debt ; and was therefore entitled to a preference over the pursuers who claimed as creditors of the estate of the tenant. (*See Mor. Dict. of Decis.* 6209.)

Without any stipulation on the subject, it is impossible to discover upon what principle the complainant, in the present case, can claim the right to the cows which have been purchased by the tenant with his own funds, or the hay and farming tools and dairy utensils on the farm, in which the landlord never had any right or interest ; so as to deprive the creditor of Spencer of the right to levy on such property for the satisfaction of his debt. As to the eight cows remaining of those which were put on to the farm at the commencement of the term, and those which have been bought with the avails of cows or sheep which have since been sold by the tenant, there might have been some room for resisting the claim of the creditor to a preference, by virtue of his execution, if the term had expired before the property was levied on ; so as to have entitled

the complainant to an immediate return of the cows and sheep mentioned in the lease, according to the stipulation therein contained. But applying the well established principles of law to the written contract between the landlord and his tenant, in this case, I am bound to decide that the legal title to the cows and sheep put on to the farm at the commencement of the term passed to the tenant, so as to give him the right to dispose of them, and to subject them to seizure and sale for his debts. By the lease the landlord has not secured to himself any legal or equitable lien upon those cows and sheep, or upon others that may be brought on to the farm by the tenant, but which shall not belong to him at the expiration of the lease. And he has only the right to compel Spencer, at the end of the term, to restore to him an equal number of cows and sheep of the same ages as those leased with the farm at the time the tenancy commenced, and of the same value.

The injunction must therefore be dissolved as to both defendants. The denial in the answer of Griffin is as strong as the allegations in the bill, both being founded on information and belief merely.