## MATHEWSON *vs.* WELLER and others.

On demurrer to a surrejoinder, the plea being bad in substance, the plaintiff is entitled to judgment.

By the true construction to the proviso in the act of 1842 exempting certain property from sale on execution, (*Stat.* 1842, *p.* 193, § 1,) property otherwise exempt is not protected against an execution on a judgment rendered for the purchase money of *other* exempt property than that in respect to which the exemption is claimed.

DEMURRER to a surrejoinder.   The *declaration* was in trespass for taking a pair of horses.   *Plea,* justification of the seizure under·an execution issued by a justice of the peace on a judg-ment against the plaintiff in favor of Weller, Haynes and John-son, three of the defendants, the other defendant being a con-stable.   It states the recovery of the judgment on the 29th day of August, 1842, without stating any facts to shew, or making any averment that the justice had jurisdiction.   *Replication,* that the plaintiff was a householder, and that the horses were his ne-cessary team, and were of less value than $150, (to shew that the property was exempt from execution under the act of 1842, p. 193, § 1.)   *Rejoinder,* that the judgment on which the·execu-tion issued, by virtue of which the horses were taken, was ren-dered for the purchase money of a *stove* sold by the three de-fendants who recovered the judgment to the present plaintiff, and

by him kept for use. *Surrejoinder*, that the plaintiff purchased the stove ment'oned in the rejoinder of the three defendants, Weller, Haynes and Johnson, before the passage of the exemption act of 1842, to wit, on the 10th day of October, 1840, and not afterwards. Verification. *Demurrer* and *joinder*.

*N. Hill, Jr.,* for the defendants. 1. The surrejoinder shews that the act of 1842 has no application to the case. ( *Quackenbush* v. *Danks*, 1 *Denio*, 128.) 2. The defect, if any, in the plea, has been aided by pleading over. 3. By the true construction of the proviso of the first section of the act of 1842, the exemption allowed by that section cannot be set up against an execution rendered for the purchase money of any property which, by that or any other law, is exempt from execution. Statutes in derogation of the common rights of creditors are to be construed strictly. (13 *Mass.* 85; 12 *Mod.* 513; *Dwar. on Stat.* 754.)

*D. Wright,* for the plaintiff. 1. The plea is bad, for not showing jurisdiction in the justice who rendered the judgment. 2. The rejoinder is bad. The just construction of the proviso is, that property otherwise exempt may be taken on an execution rendered for the purchase money of that identical property. Thus a team is exempt, but not against an execution on a judgment rendered for the price of such team on the sale of it to the party claiming the exemption. But it is not subject to an execution for the price of *other* exempt property. The proviso creates a qualified lien for the purchase money of property generally exempt from execution. This was plainly the object of the provision, and statutes should be so construed as to carry out the intention of the legislature. (9 *Wend.* 384; 15 *John.* 380.)

*By the Court,* JEWETT, J. It is not denied that the plea is bad in substance; and it is well settled that the judgment must be against the party who has committed the first substantial fault in pleading. (*Mercein* v. *Smith*, 2 *Hill*, 210.) If this were otherwise the defendant would prevail, because the surrejoin-

der shews that the debt for which the judgment was rendered was contracted prior to the passage of the act of 1842, and therefore, according to the case of *Quackenbush* v. *Danks*, (1 *Denio*, 128,) that act has no application to the case.

The more material question which was attempted to be raised need not, therefore, necessarily be examined, in order to dispose of the case : but it having been argued, I have no hesitation to state the opinion at which we have arrived. The act, the construction of which is in question, (*Stat.* 1842, 193, § 1,) exempts household furniture, working tools, and a team owned by a householder, not exceeding $150 in value, from sale on execution, " provided that such exemption shall not extend to any execution issued on a demand for the purchase money of such furniture, or tools, or team, *or articles now enumerated by law.*" It seems to me plain that no exemption can be claimed against an execution on a judgment rendered for the purchase price of any property exempt from execution by the revised statutes, or by this act of 1842, though the particular property in respect to which the exemption is claimed may have been paid for, or purchased of another person.

Judgment for the plaintiff.