ALBANY GENERAL TERM, March, 1848.     *Harris, Watson, and Parker,* Justices.

## VEDDER *vs.* ALKENBRACK.

The act of April 11th, 1842, to exempt certain property from distress for rent, and sale on execution, applies only to cases in which the debt was contracted after that statute took effect; and does not extend to debts contracted previous to its passage.

Accordingly *held* that the act did not authorize an execution issued upon a judgment recovered for the purchase price of property sold previous to the passage of that act, to be levied upon such property.

ERROR to the Schoharie common pleas. On the 25th of February, 1842, Thomas Smith sold to Vedder a stove and stove furniture, and took for them a promissory note. In May, 1843, a judgment was recovered by Smith against Vedder, on the note, before a justice of the peace of Schoharie county, on which an execution was afterwards issued to Alkenbrack, a constable, who levied on, and sold, the stove furniture. Vedder then sued Alkenbrack in trespass, in a justice's court, claiming that the stove furniture was exempt from execution, and recovered a judgment for the value. That judgment was afterwards reversed by the court of common pleas, and Vedder brought error to this court.

It was conceded that as "*necessary cooking utensils,*" the property was exempt from execution prior to May 1st, 1842; and the question argued was whether by the act of April 11, 1842, it was made liable to execution on a judgment recovered upon a contract made prior to the time that act took effect.

*M. Sanford & John Van Buren,* for the plaintiff in error.

*Thomas Smith & A. Taber,* for the defendant in error.

*By the Court,* PARKER, J. Before the exemption law, passed on the 11th of April, 1842, and which took effect on the 1st of May of that year, the property in question was exempt from

execution.   But the act of 1842, which extended the exemption law to additional property, subjected to an execution issued on a demand for the purchase money thereof, such additional property, and also all property previously exempt.   The debt on which the execution was issued in this case was contracted on the 25th day of February, 1842, and the question presented is, whether the exemption law of 1842 is to be confined to cases in which the debt was contracted after that statute took effect.

If this were a new question, I should have no hesitation in holding that the statute was applicable as well to debts contracted before as after its enactment.   I find nothing in the language of the act limiting its effect to executions on future contracts ;  and I can not think there is any rule of construction, or principle of law, authorizing such a conclusion.

The rule that requires a statute to be construed as prospective only in its operation, where a retrospective operation of it would work injustice, was very fully examined by Mr. Justice Bronson in *Sackett* v. *Andross,* (5 *Hill,* 334,) in which a majority of the court held it was inapplicable to the bankrupt law of 1841.   I think the authorities and cases there cited, show the rule contended for to be equally inapplicable to the exemption act in question.   Such a construction is not necessary to prevent injustice.   As well might it be contended that every change in the practice of suits, whether made by statute or by rule of court, should only be applicable to suits growing out of contracts made before the change of practice was adopted.   If the creditor may claim such a construction, so may the debtor ; and it would therefore be applicable to all modifications in the practice, whether they hastened or retarded the time for obtaining judgment, for issuing execution, or doing any other act in the progress of collecting a debt ; substituting eight days notice of trial instead of fourteen ; prohibiting the issuing of execution till the expiration of thirty days after judgment ; shortening or enlarging the time in which process may be made returnable, could, under such a construction, only be applicable to suits on demands existing before such changes of practice.

Vedder *v.* Alkenbrack.

It is not material in this case to inquire whether that part of the act of 1842, which extends the exemption to additional property, is void as impairing the obligation of contracts. I shall not, therefore, proceed to examine the authorities for the purpose of showing what I think to be the true doctrine, that that act.is not in conflict with the constitution of the United States. Although I entertain very great respect for the reasoning, on that subject, of the learned judge in *Quackenbush* v. *Danks*, (1 *Denio*, 128,) yet I can not agree with him; and I think it will be eventually held that the exemption relates only to the remedy, and in no way impairs the obligation of the contract.

But in this case the property before exempt was subjected to execution by the act of 1842; and it can not be pretended that the obligation of the contract is impaired by adding to the means of enforcing it. This case must therefore turn entirely on the first question above stated, viz. whether the act must have a retrospective construction; and upon that point we are not without authorities. In *Quackenbush* v. *Danks* the question was presented whether the extension of the exemption to additional property, by the act of 1842, was applicable to executions for debts contracted before its passage, and the court held that the act was not retrospective, and that if so, it was unconstitutional as impairing the obligation of the contract. The judgment in that case was affirmed by the court of appeals. (3 *Denio*, 594.) I am told, however, that this affirmance was only by a tie vote; and if so, it adds but little, if any thing, to the weight of the authority. (7 *Hill*, 583, *note, and cases there cited.*) Upon which of the grounds the four judges who voted for affirmance, placed their opinions, I have not learned. If it was upon the latter ground, it would leave the other question, which alone affects this case, still open for revision.

The construction claimed by Mr. Justice Bronson in *Quackenbush* v. *Danks*, seems also to have been adopted by the late supreme court, in *Mathewson* v. *Weller*, (3 *Denio*, 52.)

As the adjudications now stand, on this point, I feel, therefore,

bound by the force of authority to hold in accordance with these decisions.

The judgment of the common pleas must therefore be reversed, and that of the justice affirmed.

Judgment reversed.

ALBANY GENERAL TERM, May, 1849. *Wright, Harris, and Parker*, Justices. ·