## SUPREME COURT.

### Cole Respondent agt. Stevens Appellant.

Property exempt from execution by the provisions of the Revised Statutes
(2 *R. S.* 367), can not be taken upon execution issued upon a judgment ren-
dered for other exempt property, under the act of 1842.

The provisions of the Revised Statutes in regard to property exempt from
execution, are not affected by the additional act of 1842. Therefore an ex-
ecution issued upon a judgment for the purchase money of exempt pro-
perty, under the act of 1842, can not be made of exempt property under the
Revised Statutes, nor the act of 1842.

The case of Matthewson vs. Weller (3 *Denio*, 52), so far as it seems to hold a
different doctrine, overruled.

*Seventh District General Term, December* 1851. WELLES,
SELDEN and JOHNSON, *Justices.* This was an action commenced
in October 1848, in a Justice's Court of Wayne county, in which
the plaintiff claimed to recover for the taking by the defendant
of necessary beds and bedding, one table and six chairs; being
property exempt to the plaintiff from execution by the Revised
Statutes, he being a householder

The defendant justified the taking, as constable of the town of
Palmyra, under and by virtue of an execution issued by Isaac E.
Beecher, Esq. a justice of the peace of Palmyra aforesaid, upon
a judgment rendered against the plaintiff for the purchase price
of one cook stove and furniture, which stove and furniture were
exempt from execution by the Revised Statutes, being the only
one in use by the plaintiff in his family.

The above facts appeared in proof; in the course of the trial
before the justice, a witness, Mesick, was asked the question
whether the beds and bedding were necessary to the plaintiff in
the state of his family? To which question the defendant's
counsel objected. The objection was overruled, and the witness
answered " they were." The witness further stated the plaintiff
had six in his family; he had three beds; two of them were the
ones that were taken; the sheets and other bedding were taken
from the same beds. His family consisted of two sisters-in-law,
two children, and himself and wife; the oldest child was about

Cole agt. Stevens.

three or four years old; the straw beds were under the feather beds.

On his cross-examination he testified he had no other beds besides these three in the house. The sisters-in-law had no other home; were grown up; the beds were in his possession.

A judgment was rendered by the justice in favor of the plaintiff for the value of the articles taken. An appeal was taken from the justice's judgment to the County Court of Wayne county, in which court the justice's judgment was affirmed, and the judgment of the County Court was brought by appeal to this court.

T. R. STRONG, on the part of the appellant, presented and argued the following points:

1st. The justice erred in allowing the question to the witness Mesick, as to the beds being necessary to the plaintiff (4 *Barb. S. C. Rep.* 256, 261, and cases cited; 4 *Denio*, 370; 1 *id.* 281).

2d. The justice erred in giving judgment for any amount in favor of the plaintiff it appearing in the proof that the property in question was taken by the defendant as constable, by virtue of an execution in due form, on a valid judgment against the plaintiff, rendered for the purchase money of property exempt from execution. The exemption laws do not extend to such a case (2 *R. S.* 367, § 22; *Laws of* 1842, *ch.* 157, § 1, *p.* 193; Matthewson vs. Weller, 3 *Denio*, 52; Danks vs. Quackenbush, 1 *Comstock*, 129, 136, 137).

S. K. WILLIAMS, on the part of the respondent, presented and argued the following points:

1st. The property levied on, and for which judgment was rendered, was not liable to seizure and sale under execution (*Sess. Laws of* 1842, *p.* 193, *ch.* 157; Matthewson vs. Weller, 3 *Denio*, 53; Quackenbush vs. Danks, 1 *id.* 129; Danks vs. Quackenbush, 1 *Comst.* 129, 133). The authority of a decision is coextensive only with the facts upon which it is made (12 *Wheat.* 333). The legislature did not intend to abridge and destroy, but to extend the privilege of debtors. The statute should consequently be so construed (*Senate Doc. of* 1842, *vol.* 3, *No.* 76; *Assembly Doc. of* 1842, *vol.* 7, *No.* 145; *Senate Doc. of* 1842, *vol.* 3, *No.* 81).

Cole agt. Stevens.

2d. The question to the witness Mesick, as to the beds being necessary, was properly allowed by the justice; but if not, the other testimony to the same point, of the same witness, is amply sufficient to sustain the judgment (McAllister vs. Reab, 4 *Wend.* 487, 489; Reab vs. McAllister, 8 *Wend.* 117, per Senator Allen; Crary vs. Sprague, 12 *id.* 41, 46, 47; The People vs. Wiley, 3 *Hill*, 195, 214; Hayden vs. Palmer, 2 *Hill* 205; Vallence vs. King, 3 *Barb. S. C. Rep.* 548). An error in the court below, which could do no injury, is not ground for reversal, nor where the defect is afterwards supplied.

The question of the necessity of those articles in regard to which the question was asked, is not disputed in the evidence in the court below.

By the Court, SELDEN, Justice.—This case depends entirely upon the construction to be given to the act of 1842, exempting from levy and sale upon execution, property to the value of $150, in addition to that previously exempt by the provisions of the Revised Statutes. The other questions in the case are of no moment. Although the question put to the witness Mesick, was objectionable, as calling for the opinion of the witness instead of the facts in regard to the situation of the defendant's family, yet the answer gave fully the very facts concerning which the inquiry should have been made.

It is true the witness prefaced his statement of facts by giving his own opinion; but the facts stated would seem to justify it, and to be amply sufficient to warrant the justice in coming to the conclusion he did, without relying at all upon the opinion of this witness.

It does not appear to have been a point controverted upon the trial, and I do not think " substantial justice " would be promoted by reversing the judgment upon that ground.

What then is the true construction of the act referred to? The case of Matthewson vs. Weller (3 *Denio*, 52), in which this question was first presented, and in which the late Supreme Court expressed its opinion upon it, has given rise to considerable discussion of the point. Three different interpretations have been contended for:

Cole agt. Stevens.

1st. That the effect of the proviso is, that property otherwise exempt, shall not be protected from an execution on a judgment rendered for the purchase money of that identical property.

2d. That neither property exempt by the Revised Statutes, or by the law of 1842, shall be exempt from an execution issued to collect the purchase money of any property exempt by any law.

3d. That the additional exemption allowed by the act of 1842, shall not extend to executions issued to collect the purchase money of any exempt property whatsoever.

The first of these constructions is founded rather upon what it would seem reasonable that the legislature should have enacted, than upon any sound interpretations of the language of the section.

To sustain either this or the second construction above given, it is indispensable to assume that the words " such exemption," used in the proviso, refer as well to the exemption under the Revised Statutes, as to that allowed by the section itself.

But if that be assumed, for aught I see, we must adopt the second of the above constructions; and that is the conclusion to which the court seem to have arrived in Matthewson vs. Weller, above cited.

But this construction not only leads. to some consequences which conflict entirely with the general scope and object of the act, but seem to me not to conform either to the natural or grammatical interpretation of its language. The ordinary rules on the subject would require that the words " such exemption " should be referred to the nearest antecedent, even if there were more in the same sentence to which it might by possibility refer. Here, however, there is but one *exemption* allowed by the entire section, to wit; that of property amounting to $150, in addition to the exemption by prior acts. There is a reference, it is true, to articles previously exempt, but no exemption of such articles by this act. To sustain the construction contended for, therefore, it is necessary to travel out of the act itself, and refer the words in question in part to the provisions of the Revised Statutes.

I can not think that any rule of interpretation would warrant this. The natural reading of the clause seems to me clearly to be that the exemption allowed *by the section itself* shall not be

available against any execution issued to collect the purchase money of any exempt property whatever.

As the property taken in this case was exempt by the Revised Statutes and not by virtue of the law of 1842, the conclusion to which I have arrived, shows the judgment of the justice and of the County Court to be correct.

The judgment must, therefore, be affirmed.