REED, appellant, v. ABBEY.

*Contract — construction of — Sale.*

Plaintiff delivered to H. some sheep under this agreement: "July 8, 1869. I have taken of A. E. R. twenty-nine sheep and twelve lambs, to be returned on the 1st of September, 1871, * * said sheep to be returned as good and in as good condition and age as when taken." *Held*, a sale and not a bailment of the sheep.

APPEAL from a judgment for the defendant on the report of a referee. The facts appear in the opinion.

*Geo. Bullard*, for appellant.

*M. H. Peck*, for respondent.

TALCOTT, J. This was an action for the wrongful conversion of twenty-nine sheep and twelve lambs. The defendant had purchased the sheep of one George Hix. Hix had received the sheep of the plaintiff upon the following agreement, viz.:

"ALBION, *July* 8, 1869.

"I have this day taken of Abbey E. Reed twenty-nine sheep and twelve lambs, to be returned on the first of September, 1871, in consider of 1 lb. of wool per head annually, said sheep to be returned as good, in as good condition and age as when taken.

"GEORGE HIX."

The sole question in the case is whether this arrangement constituted a bailment or a sale. If the import of this arrangement was that the said sheep were to be specifically returned to the plaintiff at the expiration of the term of hiring, then no title passed to Hix. If on the other hand, Hix had the right to substitute other sheep to replace those taken, when the arrangement terminated, then, as is well settled, the title passed to Hix and he became liable, upon his contract, to return the same or an equal number of sheep of the same quality, condition and age, at the expiration of the term specified.

Agreements, very similar to the one under consideration, have heretofore been construed by the courts. The one most nearly resembling this is that which came up for construction and interpretation in *Carpenter* v. *Griffin*, 9 Paige, 310. There a party had leased a farm, together, with certain farming tools, and some cows and sheep, then on the farm. The question was, as to the title to certain of these cows, as between the lessor and an execution creditor of the lessee. All the property, real and personal, was demised and let in the ordinary form, but, in regard to the cows and sheep, the lease contained the following provision: "Cows of equal age and quality to be returned at the end of said term; also, the sheep." It was held by the court, that notwithstanding the general provisions and terms of the lease, which imported a mere letting, yet that, by reason of the expressions referred to, the title to the thirty cows passed to the lessee, upon the execution of the lease, the chancellor saying: "In the present case, the stipulation in the lease is to return, at the end of five years, cows of equal age and quality, which necessarily excludes the idea that the identical cows

put on by the landlord were to be returned at the expiration of the term, for those cows could not be of equal age, although they might be of equal value."

This decision has always since, so far as we are advised, been recognized as sound law. And we think it must control the present case. True, in the present case, the words are not identical. The language in the present case is, that the sheep are to be returned as good, and in as *good* condition and age as when taken. The sheep were let for two years and a quarter. It is manifest that these same sheep could not be returned in as good age after the expiration of that time as when taken. The use of the expression to be returned, in such contracts does not necessarily mean that the identical thing referred to is to be returned. It is not uncommon to use this expression when it is not understood that the identical thing is to be returned, but when on the contrary it is understood that the thing borrowed is to be consumed, but replaced at a future time with similar articles. If the intention of the contract was that the identical sheep leased were to be returned, then the stipulation in respect to their age was wholly absurd. The lessee could do nothing and effect nothing in reference to the age of these sheep, yet he is made to stipulate concerning the ages of the sheep to be returned. And if we adopt that interpretation of the contract which requires the identical sheep to be returned at all events, then the effect of the stipulation as to age is, either that two and one-quarter years shall amount to more than two and a quarter years, or less than that period, either of which supposition would be senseless.

On the whole, we think that the referee interpreted the contract correctly, namely, that the intention of the agreement was that Hix should at the end of the term deliver to the plaintiff, the same number of sheep and lambs, of as good quality, in as good condition, and of substantially the same age as those he received. If this be the true interpretation of the agreement, then the legal title passed to Hix, and the purchase by the defendant from Hix, and the subsequent sale by the defendant, did not constitute a wrongful conversion. *Carpenter* v. *Griffin, supra; Wilson* v. *Finney*, 13 Johns. 358; *Hurd* v. *West*, 7 Cow. 752; *Smith* v. *Clark*, 21 Wend. 83; *Norton* v. *Woodruff*, 2 N. Y. 153; Story on Bailm., §§ 370*a* and 439.

The judgment must be affirmed.

*Judgment affirmed.*