SNYDER, appellant, v. DAVIS.

*Exempt property — construction of statutes.*

By the statutes relating to exemption from sale under execution it is "provided that such exemption shall not extend to any execution issued on a demand for the purchase-money of * * * the articles now enumerated by law." Under this proviso, *held* that a horse, harness, wagon and sleigh, exempt property under the Laws of 1842, etc., might be sold under execution on a judgment for the purchase-money of a cow, which was exempt property under the Revised Statutes. The execution in such a case need not follow the identical property.

APPEAL from a judgment of nonsuit at circuit. The opinion states the case.

*H. B. Cushney*, for appellant.

*P. G. Webster*, for respondent.

BOCKES, J. The question in this case arises under the exemption act of 1842, amended in 1859 and again in 1866. Laws of 1842, chap. 157; 1859, chap. 134; 1866, chap. 782. The sale was made by defendant as constable under an execution against the plaintiff, issued on a judgment rendered for the purchase-money of a cow, which cow was exempt property under the provisions of the Revised Statutes of 1830. The property sold was a horse, harness, wagon and sleigh; and it is conceded that such property was exempt under the act of 1842 and the amendments thereof, unless it comes within the proviso of the last clause, which reads as follows: "Provided that such exemption shall not extend to any

execution issued on a demand for the purchase-money of such furniture, tools * * * or the articles now enumerated by law." Now the act of 1842 extended the exemption declared by the Revised Statutes to certain other property therein specified (to the property sold in this case), subject to the proviso above stated. This proviso was that this act of 1842 should be ineffectual as to any execution issued on a judgment for the purchase-money of the property thereby exempted, or for the purchase-money of " *the articles now enumerated by law.*" The cow, for the purchase-money of which the judgment was recovered, was one of those articles. 2. R. S. 367, § 22, subd. 4. Therefore, by force of the proviso, the act of 1842 was ineffectual as to the exemption here claimed. The language of the proviso is specific and clear. It provides that such exemption shall not extend to any execution issued on a demand for the purchase-money of " the articles now enumerated by law." Those articles were, " all sheep to the number of ten, * * * *one cow,* two swine." Subd. 4, *supra.*

Now the property here sold was not exempt by the Revised Statutes of 1830, nor by the act of 1842, giving effect to its proviso, inasmuch as the execution on which the sale was had, issued " on a demand for the purchase-money " of an article then enumerated by law as exempt, and in the absence of any law exempting the plaintiff's property, it was liable to seizure and sale on execution issued on a judgment rendered against him. This exposition of the exemption act of 1842 and its amendments, has been sanctioned also in *Cole* v. *Stevens* 12 Barb. 676, where SELDEN J., remarks, that " the natural reading of the clause seems clearly to be that the exemption allowed by *the section itself* shall not be available against any execution issued to collect the purchase-money of any exempt property whatever." See, also, *Davis* v. *Peabody*, 10 Barb. 91.

I am of the opinion that the seizure and sale of the plaintiff's property in this case was justified in law, and the nonsuit was consequently right. I am not unmindful of the decision in *Hickox* v. *Fay*, 36 Barb. 9 which is relied on by the appellant's counsel, where it was held that an execution issued on a judgment recovered on a demand for the purchase-money of exempt property must follow the identical property sold " as if the party selling retained a specific lien thereon for the price." But the decision was over-ruled, or rather was not followed in *Craft* v. *Curtis*, 25 How. 163,

and has not been regarded as sound. The question here under consideration was not before the court in *Smith* v. *Slade,* 57 Barb. 637; see, also, *Cox* v. *Stafford,* 14 How. 519, and *Mathewson* v. *Weller,* 3 Denio, 52. The nonsuit in this case was right, and the judgment should be affirmed, with costs.

*Judgment affirmed.*