NANCY E. BRADLEY, ADMINISTRATRIX, ETC., OF BENJAMIN
J. BRADLEY, DECEASED, RESPONDENT, v. NELSON R.
MIRICK, APPELLANT.

*Evidence — testimony of a deceased party — when it is admissible upon a new trial,
though he was not cross-examined upon the former one.*

This action was brought to recover as damages the value of certain spearmint
oil loaned by the plaintiff's intestate to the defendant, upon his promise to
return a like quantity · and quality of oil.   December 6, 1876, the intestate
recovered a judgment, upon an inquest taken at the circuit, which was, on
July 29, 1878, opened upon the application of a committee appointed for the
defendant, upon his being adjudged an habitual drunkard.   October 8, 1878,
the intestate died, and thereafter the action was revived and continued by the
plaintiff.   Upon the trial the plaintiff gave evidence tending to show that
upon the inquest the intestate was sworn in the presence of the defendant
and gave evidence tending to show that such a demand as was required by the
contract had been made.   A witness was asked by the plaintiff if, upon the
inquest, the defendant had an opportunity to examine the intestate.   Upon
the defendant's objection the answer was excluded.   Thereafter the evidence
as to the testimony given by the intestate upon the inquest was stricken out.

*Held,* that this was error, as it did not appear that the failure of the defendant to
cross-examine the plaintiff's intestate was due to any fault or omission on the
part of the latter.

APPEAL by defendant from an order of the Monroe Special Term
setting aside a nonsuit and granting a new trial.

The action was brought to recover, as damages, the value of 432
pounds of spearmint oil, which was borrowed by the defendant from
the plaintiff's intestate to fill an order that the defendant had
obtained for that quantity, upon his promise to return to the plain-
tiff's intestate a like quantity and quality of oil.

December 6, 1876, the plaintiff's intestate, Benjamin J. Bradley,
deceased, recovered a judgment, upon an inquest taken at the
Wayne Circuit, for the value of the thirty-six cases of spearmint oil
mentioned in the complaint.

The intestate died October 8, 1878, and the plaintiff was appointed
administratrix October 21, 1878.   On the 2d January, 1877, the
defendant was adjudged an habitual drunkard, and to have been
such from September 1, 1875.   The judgment first above men-

tioned was, on motion of the committee of the defendant, opened July 29, 1878, and the defendant allowed to come in and defend.

*John H. Camp,* for the appellant.

*C. H. Roys* for the respondent.

HARDIN, J.:

Assuming the contract set out in the complaint, and supported by evidence upon the trial, to be one of sale, as we think it was, as is fully settled by authority (*Marsh* v. *Richards*, 3 Hun, 550), we are led to inquire whether a demand was necessary.

Though a sale, though the title passed to the borrower, he was under an agreement to pay in spearmint oil of like quality and quantity. (*Carpenter* v. *Griffin*, 9 Paige, 314 ; *Smith* v. *Clark*, 21 Wend., 83.)

Obligation to pay in kind and quality, as no time and place was named, was when demand should be made therefor. (*Foster* v. *Pettibone*, 3 Seld., 435 ; *Mallory* v. *Willis*, 4 Comst., 81 ; *Marsh* v. *Richards*, 3 Hun, 550.)

Upon the trial the plaintiff gave evidence tending to show an inquest taken in the action, upon which the plaintiff was sworn in the presence of the defendant, tending to establish such a demand as was necessary under the contract, and that the plaintiff had died after the inquest and before the trial.

A witness was asked if the defendant had opportunity to examine the plaintiff. That was objected to and excluded.

Then the evidence given in respect to the testimony tending to show a demand of the property was upon the motion of the defendant stricken out and the plaintiff took an exception. We think such evidence was improperly stricken out. The absence of a cross-examination of the plaintiff was no fault of the plaintiff. For ought we can discover from the case the defendant voluntarily waived any cross-examination.

Being in court when the plaintiff was sworn we must presume he had ample opportunity to cross-examine, if he desired to, the plaintiff, and we think, therefore, the evidence was properly received upon the first trial; and thereafter he having died before the trial

now brought in review, his evidence was admissible, and having been received the court erred in striking it out. (*Forrest* v. *Kissam*, 7 Hill, 463; *People* v. *Cole*, 43 N. Y., 508; *Cole* v. *People*, 2 Lans., 374.)

Mr. Greenleaf says in section 163 of his work on evidence: "But where the testimony was given under oath in a judicial proceeding, in which the adverse litigant was a party and where he had the power to cross-examine, *and was legally called upon so to do*, the great and ordinary test of truth being no longer wanting, the testimony so given is admitted, after the decease of the witness, in any subsequent suit between the same parties." (See, also, *Doncaster* v. *Day*, 3 Taunt., 262, opinion of MANSFIELD, Ch. J.; *Glass* v. *Beach*, 5 Vt., 172; *Leighton* v. *Wilke*, 4 S. & R., 203.) *Sheriden* v. *Smith* (2 Hill, 538) is distinguishable from the case before us. That was a case where the court said the evidence of a witness upon a former trial could not be given as a tacit confession of the facts so sworn to, though the party did not express a dissent. Here we have a case where the witness testified to facts pertinent to the issue in a former trial of this action and died after giving such testimony, and before the trial was brought up for review.

No objection was taken below that the record of the former trial was not produced when it was proposed to prove what the plaintiff testified to upon that trial. The objection cannot now be taken. (*Beals* v. *Guernsey*, 8 Johns., 446; *Tooley* v. *Bacon*, 70 N. Y., 34; *Crosby* v. *Day*, 81 id., 242.)

Had the evidence of the plaintiff given upon the inquest been received and retained in the case, we must assume it would have obviated the ground upon which the nonsuit proceeded.

We are of the opinion that the order granting a new trial was correct, and we must affirm it, with costs.

SMITH, P. J., and HAIGHT, J., concurred

Order affirmed, with costs.