Bookstaver, J.
This action is brought by the executors of Christopher Miller against the defendants, to recover damages occasioned by a conspiracy to defraud Miller; and the complaint alleges a “criminal scheme and conspiracy to borrow and obtain money from him upon worthless securities.”
The alleged conspiracy seems to have been this: Samuel Zimer executed to Solomon Stransky his bond and mortgage for $15,000. Stransky and Henry Zimer (Samuel’s *230 brother) instructed Edward K. Raubitschek to sell the bond and mortgage, and, at the same time, falsely and fraudulently, in a writing delivered to Raubitschek to show to purchasers, stated that Stransky was the lawful owner and holder of the bond and mortgage, and that they were bona fide instruments. Raubitschek presented the bond and mortgage and writing to the attorney of the testator, making the same representations, which he knew to be false, with intent to defraud the testator. The latter’s attorney communicated these representations to him, and he, relying on them, bought the bond and mortgage.
Samuel Zimer also executed a writing on the sale of the bond and mortgage, stating that they were valid, and there were no equities or defenses against the same, and they were free from usury. Stransky, by the assignment of the bond and mortgage to the testator, represented there was due on it the full amount expressed therein.
The testator paid for the bond and mortgage $13,000, believing it to be valid; but the defendants knew the representations to be false, etc., and made them with the intent to cheat the testator, in pursuance of the conspiracy.
The mortgage not being paid, an action was commenced to foreclose the same, in which Zimer, the mortgagor, set up that the mortgage was without consideration, and void.
The judge who tried that action found that it was, and that it was purchased by the testator because of, and and relying upon the representation of the defendants.
In consequence of the premises, the testator was defrauded and compelled to maintain an expensive action, and subject to counsel fees, and loss of the difference between the amount paid by him for the bond and mortgage and the amount represented to be due thereon.
On this state of facts plaintiffs demanded judgment for the counsel fees and this difference.
Defendants, in their answers, denied the fraud and conspiracy, and set up that Samuel Zimer paid the testator the sum which he had paid for the bond and mortgage, and that the judge who tried the foreclosure action decided the testator was entitled to recover that amount only, and that the bond and mortgage was valid in his hands to the extent of that amount, and that he was not entitled to recover of the said Samuel Zimer any part of the difference which he claims in his complaint, also that the plaintiffs accepted from Samuel Zimer the full amount of principal, interest and costs so found due by that decision; and that, at the request of Samuel Zimer, they assigned the bond and mortgage to one Maria Moss.
This action has been twice tried. Upon the first trial the court dismissed the complaint.
*231 On appeal to the general term the judgment of dismissal was reversed and a new trial ordered.
Upon that reversal the court. decided that this action could be maintained by the executors of Christopher Miller, deceased, and that a recovery could be had against the defendants upon proper proof.
All of the questions raised by this appeal were then •decided against the present appellants, except two, and it would not now be profitable to restate the reasons of the court for such decision.
The first new question presented for consideration arises upon the exception taken by the defendants to the admission of the testimony of Lewis P. Kircheis given upon the former trial. He was the attorney for plaintiff’s testator in the original purchase of the bond and mortgage, and it was admitted by defendants that he died after the first trial and before the second.
Defendants also admitted the accuracy of the transcript •of the deceased witness’ evidence, but objected to the competency of the testimony. Where the testimony offered was given in a legal proceeding between the same parties, and where the opposing party had the power to cross-examine, and was legally called upon to do so, the testimony so given is always admissible in evidence after the death of the witness in a subsequent trial between the parties, especially when both the direct and cross-examinatians are introduced. 1 Greenleaf on Evidence, §§ 163, 166; Lawson v. Jones, 6 How. Pr., 424; Mayor of Doncaster v. Day, 3 Taunt., 262; Glass v. Beach, 5 Vt., 172.
The other question arises on the motion to dismiss the complaint on the ground that there was no evidence sufficient to be submited to the jury of the fraud alleged in the complaint.
This was general, and applied to all the defendants. The evidence on this trial was substantially the same as that given on the former trial, and this court on the former appeal held that independently of the findings, the admissions in the pleadings and the testimony made a case against some of the defendants, and that there was sufficient to go to the jury on these; and, in this conclusion, we think it was right; and the jury having, on proper instructions by the court, found against all the defendants, we will not disturb their verdict.
We are, therefore, of opinion that no error was committed in the trial of this action, and that the judgment .should be affirmed.
Larremore, O. J., and Van Hoesen, J., concur.