Howry, J.,
delivered the opinion of the court:
The jurisdictional requisites of the citizenship of claimant and amity of the defendant Navajoes are disclosed by the findings, and on the merits a taking of property is established. The claimant’s title, however, is disputed, and it is urged that at the time of the loss he was not the sole owner of the property, and that the title thereto had never become vested so as to warrant a recovery by him by virtue of the statute under which the action is brought. (26 Stat. L., 851.)
While the amount involved is inconsiderable, the issue derives its chief importance from the fact that it is one appearing in a class of cases from New Mexico governed by what is called in,partido contracts in the possession of flocks of sheep and cattle. In some of these cases the actions appear in the name of the persons owning the property and delivering it on shares for a time to another, while, in other cases, as in this case, the persons receiving the property allege title and sue as owners. Inasmuch as the contracts are nearly all in writing and greatly vary as to the time and character of possession and the kind and number of sheep or cattle to be returned from the original herds or the increase thereof, each case must stand on its merits and its own peculiar conditions when presented.
In support of the contention respecting ownership and title in this case the authority of the decision of this court in the' case of Need, (Ind., No. 882,) is invoked. Conclusions of law adverse to claimant as to a part of the property were declared in that case, but the judgment rendered was entered without an opinion.
The case of Reed appears to have been one of bailment as to some of the chattels, and it was claimed that Reed had advanced the money to pay for the stock taken while in his possession, and that by reason of his qualified property in the *219 stock as bailee he (as well as tlie bailor) could maintain an action against those depredating upon or taking away the chattels. The bailment appears to have been of the class which the law denominates an agistment, which consisted in delivering stock for care and support for hire. The effect of the judgment appears to have been that whatever right an agistor might have to vindicate his possessory interest against others trespassing upon or interfering with that possession, the right to prosecute to judgment for the loss or depredation of the property did not exist in favor of the bailee under the Indian depredation act.
The rule adopted in Need’s case has been followed in Gallegos et al. (Ind., No. 4877), recently decided. There it appears that some horses were borrowed by one of the parties for a buffalo hunt. The stock was taken from the alleged bailee, who claimed to have made good the loss to the owner by pajwnent of the value of the animals taken. Without- inquiring into the truth of that assertion the claim for borrowed property was disallowed because the claimant was not the owner when the property was taken, if any such was in fact taken. A bailee can not, in general, be held responsible for losses resulting from irresistible force. While a bailee may become liable by special contract, or by some positive policy of the law, he can not ordinarily be held in case of robbery.
In this case a parol agreement in partido is established, by which it appears that at the time of the loss the claimant was in possession of the property on shares under an agreement with another person by which the claimant agreed to return to that person (within five years), as the owner at the time of the delivery, double the number of cattle received, with the further condition that all cattle over that number were to belong to the claimant; it being further agreed that if anything should happen to the cows in the meantime by reason of the depredation of Indians, or from causes produced by epidemics, or otherwise, such contingencies were not to operate to relieve the claimant of his obligation to return to the person from whom he received the cattle the full number of cows agreed to be returned.
The first section of the act of hi arch 3,1891, supra, author *220 izes judgment to be rendered for the owner. The question then is, Where does the right of property' lie?
The agreement did not require the same cows delivered by the original owner to be returned to him. At the end of five years double the number were to be returned. The party receiving the cattle could in the meantime sell or dispose of the cows received, and yet comply' with his undertaking. The measure of his contract could be met by a return of the number agreed to be returned. It could not have been contemplated by the parties that the same cows were to be returned at the end of the five years, because natural causes would largely intervene to prevent that. The title, wo think, under these circumstances, became lost to the original owner, and necessarily' vested elsewhere if the agreement was enforceable as a valid contract. The case in this respect is not so strong as Carpenter v. Griffin (9 Paige Ch., 310), where cows of equal age and quality were to be returned after some yrears, which necessarily excluded the return of the identical cows from the tenant to a landlord. But no essential difference exists where double a given number of animals were required to be returned at the expiration of five years’ time. Not only would the natural causes adverted to operate to prevent the return of the original stock, but the contingency of loss by depredation or other causes put into the matter the element of uncertainty' too great to say that the identical stock received should go back to the original owner. In delivering the stock with such a stipulation, the original owner transferred his title to the person from whom they were taken by the defendant Navajoes, if the contract can be upheld under the local law.
The recognized distinction between bailment and sale is that when the identical article is to be returned in the same or in some altered form the contract is one of bailment, and the title to the property' is not changed. On the other hand, when there is no obligation to return the specific article and the receiver is at liberty to return any other thing of value— he becomes a debtor to make the return, and the title to the property is changed — the transaction is a sale. (150 U. S., 312-329; Powder Co. v. Burkhardt, 97 U. S., 110; Austin v. Seligman et al., 18 Fed. Rep., 519; Hurd v. West, 7 Cow. *221 N. Y., 752; Chase v. Washburn, Ohio St. Rep., 244; Lonegran v. Stewart, 55 Ill., 45.)
The authorities clearly settle the transaction which put the claimant in possession of the property (subsequently taken by the Indians) as a sale and not merely a bailment, unless the agreement between the original owner and the claimant being verbal was unenforceable for that reason.
In the early acts of the Territorial legislature it was provided that: “Hereafter all persons selling or disposing of any of the animals specified in the first, section of this act shall give to the purchaser a certificate of sale, with his name and signature affixed in the presence of two witnesses, describing the animal and price at which it was sold.” * * -x- (Laws of New Mexico, 1851-52, 192.) This statute was reenacted in substance a short time before the commission of the depredation, to which there was added a penalty for a violation of its provisions, none having been imposed by the original act.
As between the original owner and the person claiming title from him, this act was operative as a local statute of frauds. Replevin to recover the cattle may have been maintained by the first owner had he elected to avail himself of his right to have a return of the property in the absence of a written agreement. But the original owner and the claimant having treated the transaction as a sale and not as one of bailment, strangers to the transaction can not take advantage of the persons delivering and receiving the property in this proceeding on the ground that the agreement was not in writing.
Judgment according to the conclusions derived from the findings will be entered for the claimant.