### WILLSON *vs.* ELLIS.

Under the statutes exempting certain *necessary* articles from distress for rent and levy and sale under execution, the question whether a given article was necessary, is one of fact and not of law; and where the jury found that a *clock* owned by a householder was not exempt, *held* that the verdict could not be disturbed on *certiorari*.

ERROR from the Seneca common pleas. Ellis sued Willson before a justice of the peace and declared in trespass, for taking a clock, to which the defendant pleaded the general issue. The cause was tried by a jury. The defendant was a constable and took the clock on an execution against the plaintiff. The plaintiff was a householder, and had a family—his whole property being worth about $60. The jury found for the defendant, and judgment was rendered in his favor by the justice, but this was reversed by the common pleas on *certiorari*.

*P. Y. Cutler,* for the plaintiff in error.

*J. Herron,* for the defendant in error.

*By the Court,* BEARDSLEY, J. By the act of 1842, (*Laws* 1842, *p.* 193, § 1,) "necessary household furniture and working tools and team owned by any person being a householder, or having a family for which he provides, to the value of not exceeding one hundred and fifty dollars," are exempt from levy

and sale under execution. The plaintiff was a householder, and his property in value was far short of the amount to which the exemption extends. The only question is whether a clock was "necessary household furniture."

A clock may fall within the description of "household furniture," but whether "necessary" for a householder or one who provides for a family, is a question of fact and not of law. The jury found that it was not necessary for the plaintiff, as he was situated; and that finding must be regarded as decisive of that question.

By the former statute, *necessary* food for a cow and two swine; *necessary* pork, beef, &c. provided for family use; *necessary* fuel for the use of the family for sixty days; *necessary* apparel, beds, bedsteads and bedding, and the tools and implements of a mechanic, *necessary* to the carrying on of his trade, were exempt from execution. (2 *R. S.* 254, § 169.) In all these instances the question of necessity is one of fact, and can in no case be reviewed as a mere legal proposition. The party who claims the exemption must show that the article was necessary, and not merely that it was convenient. (14 *John.* 434; *Cowen's Tr.* 1052.)

In this case the common pleas erred. The jury found that the clock was not necessary, and that point is at an end. The judgment of the common pleas must be reversed, and that of the justice affirmed.

Ordered accordingly.