DAVIS *vs.* PEABODY and HOYT.

The property of a *surety* on a note given for the purchase price of a horse, is not exempt from levy and sale under an execution issued upon a judgment recovered on the note.

An execution on a judgment founded upon a demand for the purchase price of property exempt by the act of 1842, can not be levied on property exempt by the revised statutes, though it may be on property exempted by the act of 1842.

The legislature, by the proviso in the exemption act of 1842, declaring that the exemption of property therein authorized shall not extend to an execution on a demand for the purchase money of such property, did not mean to include a demand on the security given for the purchase money, when that security is made by a third person.   But the words " purchase money," in such proviso, should be held to mean the *original demand* for *the property sold*, as distinguished from the demand on the security given for the payment of the purchase price.

THIS was an appeal by the defendants, Peabody and Hoyt, from a judgment entered upon the report of a referee.   The action was brought by Davis against the appellants and one John Haight, to recover the value of a yoke of oxen and a cow, the property of Davis.   The property was sold by Hoyt, deputy sheriff, on an execution against Davis and one Bancroft, in favor of Haight, and was bid in by Peabody.   The judgment, upon which the execution was issued, was rendered on a note given by Bancroft as principal, and the plaintiff Davis as surety, for the purchase price, or part of the purchase price, of a horse bought by Bancroft of Haight.   Bancroft was a householder, having a family for which he provided.   The horse so purchased was a part of Bancroft's necessary team.   The plaintiff Davis was a householder, having a family for which he provided.   The cow taken was his only cow, and the oxen were the only team he had, and were necessary.   The referee decided that the cow and oxen were exempt from levy and sale on the said execution, and that the defendants were liable to the plaintiff for the value thereof; and judgment was entered for that amount.

Davis *v.* Peabody.

*B. Davis Noxon,* for the plaintiff.

*E. Allen,* for the defendants.

*By the Court,* GRIDLEY, P. J. The question presented for the consideration of the court is whether the cow and oxen mentioned in the pleadings were exempt from levy and sale on execution. The plaintiff claims that the cow was exempt under the provisions of the revised statutes, and the yoke of oxen under the act of 1842. This position is not disputed by the defendants' counsel, unless they are made liable under the proviso of that act. The judgment on which the cow and oxen were taken, was recovered against Bancroft as principal, and Davis as surety, on a note given for the purchase price of a horse; which is conceded to be necessary to the owner as a team. The appellants claim that the property of a *surety* on a note given for the purchase price of a horse, is liable by the very words of the proviso of the act of 1842.

That act provides that, " in addition to the articles already exempt by law, there shall be exempted from levy and sale, necessary household furniture, and working tools, and teams, owned by a householder or man having a family for which he provides, not exceeding one hundred and fifty dollars in value, *provided* that such exemption shall not extend to any execution issued on a demand for the purchase money of such furniture, tools, or team, or articles now enumerated by law." (*Laws of* 1842, *ch.* 157, § 1.)

I do not perceive by what reasoning it is maintained that the cow was liable to be levied on. She was exempt under the provisions of the revised statutes. And the proviso in no case renders property thus exempt, liable to be taken. It only provides that the exemption of the act of 1842 shall not apply to certain cases enumerated in the act. An execution on a judgment founded on a demand for the purchase of property exempt by the act of 1842, or by the revised statutes, can not be levied on property exempt by the revised statutes, though it may be on property exempted by the act of 1842. You may

levy such an execution on a *team horse* but not on a *cow* or a *stove.*

The main question, however, is upon the oxen. Bancroft purchased the horse, and had the oxen been his, they would have been directly within the act. He contracted the debt, and from him the purchase money was due. But the oxen belonged to Davis, a surety on the note given by Bancroft for the purchase money. Davis did not purchase the horse, and had no interest in, or control over him. Was this execution issued on a demand for the *"purchase money"* of the horse, within the meaning of the act? Does the act contemplate any person as owing the purchase money, but the purchaser himself? With whom was the contract of purchase made? With Bancroft, the purchaser, or with Davis, the surety on the note given for the purchase money? There is a manifest and plain distinction between a debt for the purchase money, and a demand on a note given to secure the purchase money. The security may be given by persons who are entire strangers to the purchase. For instance, Davis may have been indebted to Bancroft in the exact amount of the purchase price of the horse; and the owner of the horse may have consented to take the note of Davis, made directly to him, to secure the demand. Would Davis then be the purchaser, and his property liable under this proviso? Again; suppose a suit brought on the note actually given in this case, and on the trial the plaintiff was met by a variance between the note as declared on, and the evidence. Now under the old practice there was such a thing as falling back, in such cases, upon the original consideration, viz. a horse sold and delivered, under the common counts. This was a familiar practice where a note was given for money loaned, or goods sold. But could the plaintiff resort to that expedient in this case? Would an action lie against Davis, on the original consideration? If not, then clearly he never owed the money, as the original purchase price, in the eye of the law, any more than he did in point of fact. He was only indebted on the note given as a security for the purchase money, as a *surety*, and not as an original contractor of the debt. A distinction is recognized, in

many cases, between the rights of a creditor against a surety, and against a principal debtor. The giving of time, by a valid agreement, discharged the surety. So, a request to the creditor to sue the principal will release the surety, if not complied with. (10 *Wend.* 162. 21 *Id.* 562. 5 *Denio* 609.) Nor can any recovery be had on a note against a surety, where his character as such appears on the note, on the common counts. And the reason is that the surety is no party to the consideration of the note; and therefore the declaration must be framed on the security, specially. In *Perrine* v. *Striker*, (7 *Paige*, 598,) and in *Livingston* v. *Harris*, (11 *Wend.* 336,) the chancellor and Justice Sutherland both expressed an opinion that a surety on a note was a borrower, under the act concerning usury. But this point was not necessary to the decision of either case, and Judge Bronson has reviewed their opinions in *Vilas* v. *Jones*, (1 *Comst.* 278, 9,) and has come to a different conclusion.

But is there any reason to believe that the legislature intended to reach the property of a surety, by the provision in question? Had the framers of the act any idea of the purchase money being due from any body but the purchaser? And when they enacted that the exemption should not extend to an execution on a demand for the purchase money, did they mean to include a demand on the security given for the purchase money, when that security was made by a third person? I think not. I think they intended to say to the purchaser, "You shall have an exemption of $150, in addition to that now allowed you; but this exemption shall not extend to an execution on a demand you have contracted for any of the property which this act exempts." In this case Davis may not have known what was the consideration of the note he signed, and therefore could not know the obligation he was incurring. For these reasons it seems clear to us that the words "purchase money," in the statute, should be held to mean the *original demand* for *the property sold*, as distinguished from the demand on the security given for the payment of the purchase price; and that while no suit will lie against Davis for the purchase

money, independently of the security he has signed, he can not be regarded as within the scope of the act, according to any fair interpretation of its provisions.

New trial granted.

---❖---

SAME TERM.    *Before the same Justices.*