Bosworth, J.
(On consultation with all the other judges of the court.) A team is “ two or more horses, oxen, or other beasts, harnessed together to the same vehicle for drawing, as to a coach, chariot, wagon, cart, sled, sleigh, and the like.— Webster’s Die., unabridged. Team-work is “work done®by a team, as distinguished from personal labor.”—Id.
The object of exempting the team, of a house-holder, was doubtless to enable him to do team-work. Horses, without harness or vehicle, would be of but little service relatively. Morse v. Keyes, 6 How. P. R. 18, 21, concedes that a “ harness” is within the meaning of the word team, but not the *607 vehicle to which the team may he harnessed. This concession seems to be a consequence of the definition given by the court of the word “ team.” The court said: “ A team is said to be two or more horses or oxen harnessed together.” I think Webster’s definition better accords with the common understanding of the meaning of the word.
However inartificial the expression may be, yet the phrase, “ a one-horse team,” is often used, and expresses a clear idea to the common mind. Unless the word “ team,” as used in the act of 1842, ch. 157, includes that, then, a single horse, harness, and cart, would not be exempt, though used together by a house-holder as a team, to do team-work, and though necessary for the support of his family.
I think a team, within the meaning of that act, means horses or oxen harnessed to a vehicle, and includes the three, and that though there be but a horse, harness,' and cart, instead of two horses, harness, and a wagon, they are exempt from execution, if of less value than' $150, and are necessary for the owner’s support, he* being a house-holder, or having a family for which he provides.
Under a contrary construction, the act, so far as it exempts a team, would have practically no application to this city. The “ team” of a carman, would not be a team within the meaning of the act.
I think it is exempt from execution, and the motion for a receiver, and that the cart of the plaintiff be delivered to such receiver, is denied. (Vide Hutchinson v. Chamberlin, 11 Leg. Ob. 248.)