## SEAMAN *vs.* LUCE.

Where a judgment debtor has three horses, either two of which may constitute a team, and one of the horses is levied upon by a constable, by virtue of an execution, the debtor may at the time of the levy, or within a reasonable time after he has notice thereof, elect to claim such horse as exempt property. If he fails to make such election he cannot maintain replevin against the officer. BALCOM, J., dissented.

If a debtor has more than two horses, which are worth, in the aggregate, over $150, notwithstanding two of them are necessary for him as a team and are therefore exempt from execution, yet a constable has a legal right to levy upon and take away either one of the horses, on execution against the debtor, leaving property, including the other horses, worth more than $150; and cannot be made a trespasser for so doing, unless the debtor makes his election, at the time of the levy, to claim the horse levied upon, as exempt. BALCOM, J., dissented.

The debtor can only recover for the detention of the horse levied on, after giving notice to the officer that he claims such horse as exempt, and after demanding such horse, and giving the officer an opportunity to return the same.

Where, in an action for the recovery of personal property, the property is delivered to the plaintiff and he fails in the action, the defendant cannot now have a judgment for a return of the property, or a judgment for its value, at his election. But he must, under § 277 of the code, take a judgment in the alternative, for the return of the property, or for the value thereof as assessed, in case a return cannot be had.

Where a constable levies upon property by virtue of an execution, he has a special interest therein, as against the owner, to the amount due upon the execution, including his fees. And if the debtor brings replevin against the officer, and the latter has a verdict in his favor, the jury should assess the value of the property at that amount.

The rule was settled, previous to the code, that in an action between the general owner of property and one having only a lien upon it or a special interest in it, when the latter prevailed, his damages were limited to the amount of his lien or special interest, and this rule has not been changed by the code.

THIS was an action of replevin. The plaintiff claimed to be the owner of the property and that the same was exempt from levy and sale on execution, under the act of 1842, exempting necessary household furniture and working tools and team. The defendant justified the taking of the property, as a constable, in virtue of two executions against the plaintiff, one in favor of Tracy Beadle and the other in favor of Joseph Harris. The jury, under the charge of the judge, found that the property was not

Seaman *v* Luce.

exempt, and that the plaintiff had no cause of action against the defendant for levying on it. The judge then directed the jury to find the value of the property claimed and described in the complaint, and for which the court decided that the defendant was entitled to judgment in case a return of the property could not be had ; to which decision and direction the plaintiff's counsel excepted, claiming that the defendant was not entitled to recover more, or to a judgment for a sum greater, than the amount due on the executions under and by virtue of which the property was taken. The jury, under such direction of the court, found the value of the property to be $65, which was much more than the amount of the executions. The evidence in the case showed that the plaintiff had three horses, and that the defendant levied upon one while the plaintiff had it harnessed with another horse belonging to him, before a two horse wagon. The levy was made in the village of Elmira, where the plaintiff had driven his team from an adjoining town in which he lived, the third horse of the plaintiff being at home in the pasture. The evidence also showed that there was other property left, which was apparently exempt, exceeding in value $150. Upon this branch of the case, the judge at the circuit charged the jury as follows, to wit : that by reason of the executions issued by the justices of the peace and by reason of the defendant being a constable and having said executions in his hands, he had a lawful right to take the bay horse, unless the said horse was exempt from levy and sale on execution under and by virtue of the provisions of § 1 of the act of the legislature entitled "an act to extend the exemption of household furniture and working tools from distress for rent and sale on execution," passed April 11th, 1842. To which opinion the counsel for the plaintiff duly excepted. And his honor, the circuit judge, further charged the jury that the evidence showed that the plaintiff had two other horses and a plow and harrow and a wagon, and some other property, which were apparently exempt under said act, or might be at the election of the plaintiff, and which with the horse claimed in this action, exceeded in value $150, and that the plaintiff had a right to elect

which horse or what portion of said property, not exceeding in value $150, he would claim or retain as exempt; that such election must be made at the time, or within a reasonable time after notice that a levy had been made upon any portion thereof, by a notice given to the officer making a levy; and that unless the plaintiff in this case did, as soon as he was informed of the levy and the taking of the horse by the defendant, and within a reasonable time thereafter, and before commencing this action, give notice to the officer, (the defendant,) that he claimed the said horse as exempt property, he could not recover in this action. To all of which, and particularly to that portion or part of said charge in which the judge instructed the jury that the plaintiff had two or three horses and a plow and harrow and a wagon and some other property which were apparently exempt under said act, or might be, at the election of the plaintiff, and to that part or portion of said charge in which his honor instructed the jury that the plaintiff could not recover in this action unless it was proved that at the time of, or after the levy and before the bringing of this action, he gave notice to the constable, (the defendant,) that he claimed said horse as a part of his team and as exempt, the plaintiff's counsel duly excepted. The judge further delivered his opinion to, and charged the jury, that as the plaintiff had three horses which were proved to be worth in all $210, and notwithstanding two of said horses were necessary for the plaintiff as a team, and therefore exempt, yet the defendant as constable had a legal right to levy upon and take away one of said horses on execution against the plaintiff, and could not be made a trespasser for so doing unless the plaintiff had made his election to claim the horse levied upon as exempt, at the time of such levy; and that the plaintiff could only recover for the detention of said horse after giving notice to the defendant that he claimed such horse as exempt, and after demanding said horse and giving the defendant an opportunity to return him; to which opinion and charge the plaintiff's counsel also excepted.

There was no evidence in the case showing that the plaintiff had made any claim of the defendant or given any notice to

Seaman *v.* Luce.

him that he claimed the horse in question, before the institution of the present action. The jury, under the above charge, found that the horse was not exempt property, and that the title was in the plaintiff, and assessed the value thereof at $65. The judge at the circuit, without giving judgment, directed that the case be first heard at a general term.

*Hart & Benn*, for the plaintiff. I. The executions under which the defendant took the property in question, were invalid, and did not justify the taking.

II. The horse in question was exempted from execution, and the defendant was not justified in levying upon and taking the same from the plaintiff's possession, by the executions in question, conceding them valid. By the act of 1842, necessary household furniture and working tools and team, owned by any person being a householder, or having a family for which he provides, to the value of not exceeding $150, are exempt from execution. (1.) The plaintiff brought himself within the statute by showing he was a householder; that the horse in question was *part of his team*, and that *such team was necessary*. The exemption arises from these facts. This is a question of construction of the statute as applied to proofs, and not a question as to injurious results following its application, or as to the perplexities, which such application may bring to an officer. (2.) The fact that the plaintiff had other property, which was apparently exempt, or might be, at the election of the plaintiff, exceeding in value, with the horse in question, $150, did not make it necessary for the plaintiff to give notice to the officer that he elected to claim the horse in question as exempt; and the charge of the judge was erroneous. The property is exempt by force of the statute and of the proof bringing it within the law. No action by the plaintiff was needed, as no act of his could render the property exempt. If the facts constituting the exemption exist, it is the privilege of the plaintiff, to be claimed in and enforced by the courts, and the force of the statute is not to be weakened by the imposition upon the debtor of requirements not contained therein. The officer was or he

was not a trespasser, in the act of taking. If the taking was rightful, no act of the debtor, subsequent thereto, could change the nature of the act or prevent the officer from rightfully selling. The officer acts at his peril, in levying on property, and the *duty is on him*, to see that the property he takes is subject to his process. (*Hoyt* v. *Van Alstyne*, 15 *Barb.* 568, 273.) His process expressly required him not to take exempt property —not to take this horse, if he was part of the plaintiff's necessary team. The duty is upon the officer, in the case of the debtor having different articles apparently exempt, but all of which cannot be, to notify the debtor that he has the process, and ask him to make the election, *before he levies*. In this way the officer can be fully protected, and the statute have its complete operation. Because, if the debtor should then elect, or should refuse to elect when called upon, he would be afterwards estopped from claiming the property taken. The officer is the actor, having process giving him directions, and knowing what the law exempts, while the debtor may be ignorant of his rights or duties, and there is far more propriety in requiring that the officer shall request the debtor to elect before the levy, than that the debtor shall, of his own motion, make the election. The debtor can know nothing of what the officer is about to do, unless informed by him, until the levy has been made, and *then* the wrong has been done. The ruling of the judge goes to the extent that the debtor, without information of what the officer is about to do, and thus with no duty on him to speak or act, until the levy be made, must then, after the wrong has been done him, make his election. Election as to what? Why, as to what property he prefers should be levied upon, and yet required to be made *after* the levy. That it is the duty of the officer to ascertain for himself whether the property is exempt, is indicated by *Shields* v. *Craney*, (3 *Wend.* 274.) In that case a horse enrolled for military service, and exempt by statute, was seized, and it was held that the sheriff should have ascertained from the military officer having the enrollment whether it had been enrolled. In all the cases under our statute, the proof of the facts bringing the property within its provisions is

Seaman v. Luce.

held sufficient to make the taking wrongful. (*Van Sickler* v. *Jacobs*, 14 *John*. 434. 25 *Wend*. 570. 15 *Barb*. 568, 573. *Wheeler* v. *Cropsey*, 5 *How*. *Pr*. *Rep*. 288.) The true rule to be applied in the case put by the judge, it is submitted, is this : that the debtor shall have notice by the officer, of the execution, and that he is about to levy, and that he is obliged to elect which of the apparently exempt property he will claim as exempt. And if the levy is made without such notice, and the property taken is in fact exempt, such levy is wrongful. (3.) The facts do not warrant the application of the rule laid down by the judge. The plaintiff was not shown to have been present at, or to have known of the levy. Such rule is based upon the supposed facts that the plaintiff owned other property apparently exempt, and that such property was visible to the officer ; when there is nothing to make the third horse exempt, actually or apparently, and the wagons and harness are not exempt ; and whether the farming implements were owned at the time of the levy, does not appear. And when the levy was made at Elmira, away from the plaintiff's residence and without the officer having any knowledge of other property, and when the horse in question was in a team and therefore apparently exempt. Besides, the property referred to is covered by the chattel mortgages, and the mortgagee, and not the plaintiff, owned the same; and the plaintiff has the right to the horse in question as exempt, without regard to such other property.

III. The judge erred in refusing to allow the plaintiff to show he had other property, not exempt, sufficient to satisfy the executions ; and to show that the property levied upon, other than the horse, was sufficient to satisfy the same.

IV. The defendant had but a special property in the horse, and could only hold the same for the purpose of satisfying the executions. (8 *Wend*. 445.) Having elected at the trial, to waive a return of the property, he was entitled to recover as damages only the amount of the executions.

Seaman *v.* Luce.

*Brooks & Tomlinson,* for the defendant. I. The executions and indorsements thereon were properly received in evidence. Such executions were valid process in the hands of the constable at the time of the levy, against the defendant therein named, and if they are not absolutely void upon their face, the officer will be protected in the execution of them.

II. The evidence offered by the plaintiff's counsel was entirely immaterial. The fact of the plaintiff having other property than that levied upon by the officer, not exempt from execution, does not prove that such officer had no right to levy upon the particular property in question, or that the same was exempt from levy and sale on execution, or affect the right of property acquired by the officer by virtue of his actual levy thereupon. Such is likewise the case with the evidence offered by the plaintiff's counsel, at fol. 53, 4. If the officer did levy upon property more than sufficient to satisfy the executions, the defendant therein was entitled to the balance of the money derived from the sale thereof, after satisfying such executions. And even if the levy in this case was wantonly excessive, which is not pretended by the plaintiff, the officer's right of property is in no way affected by the circumstance. (*Dezell* v. *Odell,* 3 *Hill,* 215.)

III. The charge of the court was proper, and no error was committed thereby. (1.) Sec. 1 of the act of 1842, under which it is claimed by the plaintiff that the horse levied upon was exempt from levy and sale on execution, unlike the exemption act of the revised statutes, does not specify the particular articles to be exempted, but provides that, "in addition to the articles now exempt by law, &c. there shall be exempted from levy and sale necessary household furniture, and working tools, and team, &c. to the value of not exceeding $150." The amount of such exemption, as well as the three classes of property from which it may be composed, is limited, and the amount may be made up of one of the kinds of property therein mentioned or some or all of such kinds as the debtor may elect. The fact, as the court charged, will not be disputed, that "the plaintiff had two other horses, and a plow, and harrow, and wagon, and some other property which was apparently exempt, or might be at the elec-

tion of the plaintiff, and which, with the horse claimed in this action, exceeded in value $150." Therefore it is claimed by the defendant that as this exemption is for the benefit of the debtor, and is at his election, and as the act permits such debtor to hold, exempt from levy and sale on execution, "necessary household furniture, working tools and team," and as the amount of such exemption may be made up of any one of such kinds of property, or of some, or all of them, the duty of determining whether such exemption shall be a team, and if the debtor has three horses as in this case, which two of the horses shall be such team, or whether such exemption shall be household furniture and working tools or otherwise, is by the first section of the act imposed upon the party claiming such exemption, and not upon the officer, and such election must be made as the court charged. The party claiming the benefit of the exemption acts must show affirmatively the facts which entitle him to the benefit of the exemption claimed. (14 *John.* 434. 19 *Wend,* 47. 14 *Barb.* 457.) (2.) When the law confers upon the debtor the power of electing what particular property he claims as exempt, and an opportunity is given him to make such election, and he stands silently by and permits the officer to make his levy upon one of the three kinds of property in his possession, only one of which is exempt, without availing himself of his right to elect, such party will not be permitted afterwards to question the right of property of the officer, acquired by such levy. He is estopped, and will be presumed to have acquiesced in the levy so made, as in this case, the plaintiff was not deprived of property absolutely exempt, but only lost his election as to which of the kinds of property he would claim to the sum of $150, and this by his own act. (3.) The verdict is proper in form, (*Code,* § 261,) and if not, it could be amended. (7 *How. Pr. R.* 21, *and note to* § 264, *Code.*) The claim made by the plaintiff's counsel at fol. 78, is incorrect. The action is brought to determine whether the plaintiff is entitled to the possession of the property, or the defendant by virtue of his levy thereupon, and his special property acquired thereby, and §§ 261 and 277 of the code determine

what the verdict and judgment shall be for the defendant, when he is entitled to the possession of the property.

MASON, J.   The judge at the circuit was right in directing judgment to be in the alternative.  The code has changed the law upon this subject, and where, in an action for the recovery of personal property, the property is delivered to the plaintiff and he fails in the action, the defendant cannot now have a judgment for a return of the property, or a judgment for its value, at his election.  But he must, under section 277 of the code, take a judgment in the alternative, for the return of the property, or for the value thereof as assessed, in case a return cannot be had.  (*Dwight* v. *Enos & Jones, Seld. notes of cases decided in the Court of Appeals, March term,* 1854.  *Fitzhugh* v. *Wiman, id.* 78.)  The judge erred, however, in directing the jury to assess the value of the property in this action in behalf of the defendant, who had only a special property in the horse, to the amount of his lien on his executions, at what they found the real value of the property to be.

The property being in the hands of the plaintiff, the general owner, and the defendant having only a special property therein as against the plaintiff, the true value to be assessed and recovered by the defendant is the value of the special property, which in this case would be the amount of the two executions and the defendant's fees.  I admit that sections 261 and 279 taken together would seem to require the assessment of the value of the property, and the consequent judgment to be for the real actual value of the property.  Such construction, however, would work very great injustice in cases like the present, and the court of appeals have decided, in the case of *Fitzhugh and others* v. *Wiman,* (*Selden's notes of cases, supra,* 78,) that the assessment of the value, and consequent judgment, in a case like the present, must be at the real value of the defendant's interest in the property, or at the value of his special property, whenever the assessment is made against the general owner in whose possession the property is.  (*Selden's notes, April 18th,* 1854, *p.* 78.)  The value of the defendant's special property,

Seaman *v*. Luce.

in this case, is the amount of the two executions and his fees, and the judge should have directed the verdict accordingly. There must be a new trial for this error.

There are other questions in the case, which have been discussed, and which will necessarily arise upon the retrial of the cause. These we may as well settle now. The most important question in the case arises upon the judge's charge in defining the duties of the officer and the rights of the defendant, in regard to designating and determining what, of the exempt property, shall be taken and what left for the defendant, when, as in the present case, a selection is to be made from property of the same class which may be exempt under the statute of 1842. The plaintiff claims and insists that in a case like the present the officer must, before he makes his levy, notify the debtor that he has the execution and is about to levy, and that he is required to elect which of the apparently exempt property he will claim as exempt, and that the officer must leave, to the amount of $150, such property as the debtor designates; and that if the officer levies without such notice to the debtor and opportunity to elect, and the property taken is of the class of exempt property, such levy is wrongful, and the officer becomes liable in this action. The defendant, on the contrary, claims and insists that the charge of the judge in this case prescribes the true rule on this subject. The doctrine contended for by the plaintiff would, it seems to me, be a very impracticable one. The officer in many cases would find himself utterly powerless in attempting to enforce his execution, under such a rule, and in many cases the debtor might annoy the officer with difficulties, which it would be very unjust that he should possess the power to do. The prescribing a rule which shall define the duties of the officer, and at the same time properly protect the rights of the debtor, in a case like the present, is not free from difficulty. I do not think a more judicious rule can be laid down than that embraced in the charge of the judge in the case at bar, and am therefore disposed to adopt it.

It will hardly do to hold that the officer is invested with the absolute authority to determine, before he makes the levy, which

of the three horses belonging to a defendant in an execution, shall be taken, and which two shall be exempt as a team for the defendant. He might leave the defendant one of the three horses which would not work in a team with another horse at all, and thereby literally deprive the defendant of the benefit of a team. If we allow the officer the absolute right of determining which two of the three horses shall be exempt, he may in very many ways use the authority so oppressively as to render this statute, which was intended to secure a team to a judgment debtor as exempt property, of very little value to the debtor. On the contrary, if we allow the defendant in the execution the unqualified right of selecting from the class of exempt property to the extent of holding the officer liable as a trespasser in case he does not, before he makes his levy, call upon the execution debtor and request him to elect from the class of exempt property which he will claim as exempt, such a requirement would render the execution of the process extremely onerous upon public officers, and in many cases would seriously prejudice the rights of judgment and execution creditors. If, on the other hand, we hold, as one member of the court thinks the law is, that the question whether the particular property levied upon is exempt or not, is one of fact, to be referred to the jury in every case, it leaves the law, and consequently the rights of the parties, very uncertain. The judgment and discretion of the jury, in each individual case, would become the law of such case. The officer could never know, until the verdict of the jury was received, whether he had rightfully executed his process in regard to this species of exempt property or not. I do not understand the case of *Willson* v. *Ellis,* (1 *Denio,* 462,) as going the length which my brother Balcom supposes. He regards that case as holding the unqualified doctrine that the question whether a given article of property is exempt from execution under this statute or not, is a question the determination of which belongs to the jury, in every conceivable case. This statute of 1842 only exempts "*necessary household furniture, working tools and team.*" Now all that the case of *Willson* v. *Ellis,* (1 *Denio,* 462,) decides is that the question

Seaman *v.* Luce.

whether a given article was necessary for the person claiming the exemption is one of fact, and not of law, and when the jury, as in that case, had in a justice's court found that a clock owned by a householder was not exempt, it was held that the verdict could not be disturbed on certiorari. I discover nothing in that case which in any respect conflicts with the views which I have expressed with regard to the statute. The jury have the question ultimately left to them, I admit, so far certainly as to determine whether the property claimed to be exempt is necessary for the party claiming the exemption. But under a statute so extremely loose as the one under consideration, there is a seeming necessity for the courts interfering and laying down some rule of conduct for the government of this class of officers, in executing processes of this kind. Whether the officer must find the execution debtor and allow him to make his selection from the exempt property before he makes his levy, on the pain of subjecting himself to an action of trespass for levying upon exempt property, is purely a question of law. The rule settling these conflicting rights between the officer and the execution debtor must be prescribed and settled by the courts, and the only question in my mind in regard to the whole matter is, what is the most salutary and judicious rule which can be prescribed in the given case. Shall the execution debtor be allowed the unqualified right of selecting his $150 from the class of exempt property before a levy can legally be made, or shall the officer be permitted to make his levy, reserving $150 to the debtor, and be allowed to go on and sell the same, and regard the property left by him as the exempt property, unless the debtor notifies the officer, within a reasonable time after the levy, that he desires to hold as exempt some of the property levied upon, and designates the articles; or shall we allow the officer the unqualified right of selecting for the debtor his exempt property from the class of property exempt; or shall we allow the officer to select, and refer every case to the approval of a jury, whether he shall be justified in the selection which he has made, and consequently be protected in his levy; or shall we allow the officer to call in

Seaman *v.* Luce.

a disinterested third person to select for the debtor $150 from the class of exempt property? There is no such thing on either side as an absolute question of right in regard to the selection from the class of exempt property under the statute. The debtor is entitled to possess just such rights as the courts may think it right and proper he should possess, and the case is precisely the same in regard to the officer. The rule, however, should be definite, fixed and certain, and as the legislature have left the matter all loose and open, the courts must prescribe the rule which shall govern the conduct of the officer in regard to the execution of such process against this class of exempt property. I am satisfied with the rule prescribed in the charge of the judge, and think we should adopt it as the rule.

SHANKLAND, J., concurred in the opinion of Justice Mason.

GRAY, J., was of the opinion that the horse levied upon was not exempt property, but came to the conclusion that a new trial should be granted, on the ground that the judge at the circuit erred in directing the jury to assess the property at its full value as against the plaintiff, instead of the amount of his executions. And upon this point all the members of the court concurred.

BALCOM, J. This is an action to recover the possession of a bay horse that the defendant, as constable, took from the plaintiff by virtue of two executions against him that were issued by justices of the peace. The horse was retaken from the defendant and delivered to the plaintiff by the sheriff, upon an affidavit and notice issued to him at the commencement of the action. The jury found a verdict for the defendant, and by the direction of the judge they assessed the value of the horse at $65. To which direction the plaintiff excepted, and he insisted that the value of the horse should be assessed at no greater sum than the amount due upon the executions, including the defendant's fees thereon as constable, which amount was less than $65. The plaintiff had three horses at the time the defendant levied upon

Seaman v. Luce.

the one in question. The plaintiff claimed that he was entitled to recover the possession of the horse, upon the trial, on the ground that it was exempt from levy and sale upon execution against him.

The judge charged the jury to the effect that the plaintiff had · "two other horses" and other articles of property which were apparently exempt from execution under the statute, or might be, at the election of the plaintiff, and which, with the bay horse claimed in this action, exceeded in value $150, and that if the plaintiff did not at the time the levy was made by the defendant upon the bay horse or within a reasonable time after he had notice of the levy, elect to claim the bay horse as exempt property, by giving the defendant notice of such election, he could not recover in this action. The judge also charged, that as the plaintiff had three horses which were proved to be worth $210, and notwithstanding two of them were necessary for the plaintiff as a team and therefore exempt from execution, yet the defendant as constable, had a legal right to levy upon and take away one of the three horses on execution against the plaintiff, and could not be made a trespasser for so doing, unless the plaintiff had made his election to claim the bay horse levied upon, as exempt, at the time of such levy; and that the plaintiff could only recover for the detention of the bay horse after giving notice to the defendant that he claimed such horse as exempt, and after demanding such horse and giving the defendant an opportunity to return the same. The different portions of the charge were separately excepted to by the plaintiff's counsel.

I am of the opinion that the charge was incorrect. The case does not show that the plaintiff was present when the defendant levied upon the horse, or that the plaintiff demanded it of the defendant as exempt property, prior to bringing the action. The judge should have submitted the question to the jury, whether the bay horse levied upon by the defendant was a part of the plaintiff's "necessary team." It has been determined that the question whether a given article is exempt from execution is one of fact, and not of law. ( *Willson* v. *Ellis*, 1 *Denio*, 462.) The plaintiff owned three horses. The two left him

were greys, and had been worked together as a team. The one taken by the defendant was a bay, and it had been used with one of the greys and was harnessed with one of the greys when it was levied upon. It was therefore peculiarly a question for the jury to determine which two of the three horses constituted the plaintiff's "necessary team" at the time the levy was made.

I am also of the opinion that an execution debtor who has several horses or oxen, either two of which may constitute a team, has the right to elect which two horses or oxen, not exceeding $150 in value, he will keep for his exempt team, and that an officer who levies upon either one of such horses or oxen without requesting the debtor to elect which he will keep for his exempt team, does so at the peril of having a jury say whether the horse or ox he levies upon is a part of the debtor's "necessary team." If the debtor be absent, the officer should call upon his agent, or some other person having charge of his business, to make the election. Perhaps, in the absence of the debtor, his wife may be the proper person to make the election, in some cases, as agent of her husband. (*See Church* v. *Landers*, 10 *Wend.* 79.)

It seems to me the most reasonable rule the court can adopt, applicable to cases where the execution debtor has more than one team, is to require the officer who makes the levy to call upon the debtor, or his agent, and request him to elect which team he desires to retain as exempt property, and in case the debtor or his agent refuses or neglects to make such election, to permit the officer to determine which of the teams is exempt from and which is liable to execution, and levy accordingly. Such a rule will protect the rights of creditors as well as debtors, and render the execution of process easy in such cases.

The judge also erred in his instructions to the jury as to their finding the value of the horse in question. The defendant, as constable, only had a special interest in the horse to the amount due upon the two executions on which he took it, including his fees as constable thereon. The plaintiff was the general owner of the horse. The value of the horse to the de-

fendant was his special interest in it. The judge should have instructed the jury, if they found for the defendant, to assess the value of the horse at the amount due upon the two executions on which the defendant took it, including the defendant's fees as constable thereon. Such should have been the instruction to the jury upon this question, as the horse had been delivered to the plaintiff. (*Code*, § 277.) The rule was settled, before the code, that in an action between the general owner of property and one having only a lien upon it or a special interest in it, when the latter prevailed, his damages were limited to the amount of his lien or special interest. (8 *Wend.* 445. 21 *id.* 300. 7 *Cowen*, 670. 2 *Caines' Cases*, 200. 4 *Denio*, 227.) This rule has not been changed by the code. A new trial should be granted; costs to abide the event of the action.

New trial granted

[CHENANGO GENERAL TERM, October 21, 1856. *Shankland, Gray, Mason* and *Balcom*, Justices.]