## SARATOGA COUNTY COURT.

### JOHN W. COX agt. RENSSELAER STAFFORD.

Any article of property exempted by the act of 1842, (*Laws of* 1842, *p.* 193,) may be levied upon to satisfy a judgment recovered for the *purchase price* of that article, or for the purchase price of any other article exempted either by the same act or by the Revised Statutes; but no article exempted by the Revised Statutes, can be levied upon to satisfy any judgment whatever, not even though it be a judgment recovered for the purchase price of the article itself.

A man and his daughter, (the wife and mother being dead,) who live together, are a *family.* And where there is a debt due to the father, which it appears is necessary for the support of his family, the creditor cannot reach it on proceedings supplementary to execution.

*June Term*, 1857.

THE defendant was examined before a referee, in proceed-

ings supplementary to execution. It appears from the referee's report, that the defendant is a stone mason by avocation, and that during the last month he has been at work for the state, under the superintendent of section No. 1, of the Champlain Canal, and that a balance of $19.50 is now due him for his services. The defendant has two sons, one twenty-two, and the other nine years of age; and two daughters, one twenty and the other seventeen years of age. The oldest son is a mechanic and supports himself. The oldest daughter lives with the defendant, and keeps house for him. The youngest daughter, and youngest son, live with other families in the vicinity. The defendant's property, besides the debt due from the state, consists of little else than a lot in a burying-ground, and a few chairs and a table. His wife, now deceased, gave the daughters three beds, two of which are still at his house. The defendant cannot always get employment in the winter; he has been sick much of the time for two years past, and is at present unable to labor. All his earnings during the last six months, except the debt due from the state, have been expended in defraying the expenses of his household. The debt for which the plaintiff's judgment was recovered, was contracted for groceries, provisions, and other articles, exempted from levy and sale, under an execution, by the Revised Statutes.

The plaintiff moves, under section 297 of the Code, for an order that the money due to the defendant from the state, be applied towards the satisfaction of the judgment.

C. C. HILL, *for the motion.*
A. BOCKES, *opposed.*

McKEAN, County Judge. The question when can exempt property be levied upon and sold under an execution, has been much discussed; and many conflicting, and some ill-considered decisions have been made upon it. But a careful examination of the Revised Statutes, and of the act of 1842, (*chap.* 157, *p.* 193,) together with the reported decisions, has satisfied me, that the true rule is this: Any article exempted by the act of 1842,

Cox agt. Stafford.

may be levied upon, to satisfy the judgment recovered for the purchase price of that article, or for the purchase price of any other article exempted either by the same act or by the Revised Statutes; but no article exempted by the Revised Statutes, can be levied upon to satisfy any judgment whatever, not even though it be a judgment recovered for the purchase price of that article itself.

The defendant, therefore, has no property that can be taken by execution, unless it is the " lot in a burying-ground." The laws of 1847, (*chap.* 85, *p.* 91,) exempt from levy and sale by execution, " land set apart, and a portion of which has been actually used, for a family or private burying-ground," provided it do not exceed one-fourth of an acre, and a description thereof be recorded in the office of the clerk of the county, where the land is situated. It does not appear, however, that a description of the defendant's lot had been recorded, or that the lot was for a *family* or *private* burying-ground, or that any portion of it had been actually used as such. If the lot does not come within the operation of the act of 1847, and if the judgment in this action is a lien upon real estate, (the papers on which the original order was granted are not now before me,) the plaintiff might lawfully sell the land by execution.

But this motion is made only for an order to apply the debt due from the state towards the satisfaction of the judgment. Can it be granted?

It cannot be doubted that a man and his wife, who live together alone, and have no children, are a *family*. It would seem equally clear that the defendant and his daughter, who live together, the wife and mother being dead, are a family. How is that family *supported?* The daughter has no property, or none adequate to her support. Last summer, while the defendant was gone to the county of Essex, she was under the necessity of working in a factory. Clearly, the family is supported wholly by the labor of the defendant, and very much needs the use of his earnings.

Motion denied.