## SMITH *vs.* SLADE.

In an action to recover the value of a horse, wagon, sleigh and harness sold by the defendant on execution, which property was claimed to be exempt, the plaintiff proved that he was a householder, having a family for which he provided; that he owned no other horse, wagon, sleigh or harness; and that he used the property for cultivating land, carrying goods to market, &c. *Held* that within the rule established in *Wilcox* v. *Hawley*, (31 *N. Y. Rep.* 658,) the plaintiff had established the facts that he was a householder, and had a family for which he provided, and that he used the property in question as a team, for the support of his family; and that the evidence was sufficient to authorize a judgment in favor of the plaintiff.

And the value of the property being within the limit allowed by law, to wit, $250; *held* that the same was exempt from sale on execution issued upon a judgment recovered on a note given by the plaintiff and another person, jointly, for the price of a horse purchased by the latter, for himself; it not appearing that such horse was purchased for, or used as, a team, or a part of a team, by any one.

Although the burden of proof is with a party claiming that property levied on was exempt from execution, to show affirmatively that it was necessary for the support of his family, yet it is not required that he should employ the word *necessary*, in his evidence. It is sufficient that he shows facts that prove, or tend to prove, such necessity.

It is not necessary for the plaintiff to show that he had not other articles exempted by statute, of the value of $250, or which, with the articles mentioned in the complaint, exceeded the sum of $250.

It is sufficient for the plaintiff, on the trial, to show that the articles levied on, and claimed to be exempt, are enumerated in the statute as exempt property when the same are *necessary*; and then to show them to be necessary, and within the limit as to value. Neither the statute nor the rule of legal evidence calls upon the plaintiff to prove what else he may own.

The exemption in the statute was not made to depend on the pecuniary ability of the debtor.

THIS action was brought to recover the value of a horse, wagon, harness and sleigh, all of the value of $115, which the defendant caused to be sold on an execution issued upon a judgment in favor of himself, and against the plaintiff and one John E. Smith. The plaintiff claimed the property at the time of the sale as exempt from levy and sale on execution, and forbade the sale on that ground, mentioning each article by name. At the time of the

sale, the plaintiff was a householder, having a family for which he provided. He owned no horse, sleigh, wagon or harness other than those in question. He used the property for cultivating land, carrying goods to Troy, and for a variety of other purposes.

The judgment upon which said execution was issued was recovered upon a joint note given by one John E. Smith and the plaintiff, for the purchase price of a horse (but not the one in question) purchased of the defendant by John E. Smith for himself.

It was stipulated at the trial that the value of the articles in question should be regarded as $115. At the close of the testimony the defendant's counsel moved for a nonsuit, upon the ground, among others, that it did not appear that the plaintiff had not other property exempt by law from levy and sale under execution, of the value of $250. The motion was denied, and the defendant excepted.

Judgment was entered in favor of the plaintiff, and the defendant appealed.

*Francis Rising,* for the appellant.

*E. L. Fursman,* for the respondent.

*By the Court,* POTTER, J. There is no conflict of facts in this case. The questions raised are strictly those of law; they are questions involving the construction of the statutes, and most of them have been judicially passed upon by the courts, whose decisions we are bound to regard and adopt. The statute, the construction of which is most particularly called in question, is the statute of 1842, as amended in 1866. The statute of 1842 was an amendment of the Revised Statutes; adding thereto an exemption to the amount of $150, of necessary household furniture, and working tools, and team owned by any person being a householder or having a family for which he provides; with a proviso that such exemption should not

Smith *v.* Slade.

extend to any execution issued on a demand for the purchase money of *such* furniture, tools or team, or articles now enumerated by law. The amendment of 1866, extended this exemption to professional instruments, furniture and library, necessary food for a team for a period not exceeding ninety days, and a sewing machine, and also extended the *value* of such exempted property to $250. In other respects, the phraseology of the law of exemption has not changed so as to require any change of construction.

The defendant insists that the plaintiff having united in a joint note with one John E. Smith, for the purchase of a horse, though as surety, upon the recovery of a judgment on such note, and execution issued thereon, the plaintiff's team was not exempt, because the note was given *for purchase money* of a team. The answer to this objection is, that it nowhere appears that the horse so purchased, and for which the note was given, was used in a team by any one, or that he was purchased for a team, or a part of a team. On the contrary, John E. Smith, the purchaser, was a single man. The horse sued for was not the same horse so purchased, and the proviso in the statute is confined to the purchase money for *such team;* that is, the team so purchased. And it has been held at general term, in the fifth judicial district, by an able court, that the *surety* in a note given for the purchase of property, is not, within the meaning of the act of 1842, a purchaser. (*Davis* v. *Peabody*, 10 *Barb.* 94.) And this principle, though arising under a different statute, is sustained in the Court of Appeals, in *Vilas* v. *Jones*, (1 *N. Y. Rep.* 278.) This view of interpreting the statute is according to the most obvious and natural import of its object and intent. There has been some conflict of opinion as to questions arising under this statute, but among the latest of the cases is that of *Wilcox* v. *Hawley*, in the Court of Appeals, (31 *N. Y. Rep.* 658,) where most of the questions

arising in this case have been fully considered. Within the rule in that case, the plaintiff in the case before us, established the facts that he was a householder, and had a family for which he provided, and that he used the property in question, as a team, for the support of his family; and its value was within the limit allowed by law, to wit, $250, and he claimed the exemption, and forbade the sale, on that ground.

The remaining questions in the case arise on the motion to nonsuit, made by the defendant, on the grounds, 1st. That the plaintiff had not shown that the various articles mentioned in the complaint, and claimed as exempt from execution, were necessary to the plaintiff for the support of his family. 2d. That the plaintiff had not shown that he had not other articles exempted by the statute of 1842, and the acts amendatory thereof, which, with the articles mentioned in his complaint, exceeded the sum of $250. 3d. That the plaintiff had not shown that he had not other property exempted by said act, of the value of $250.

1. As to the first objection, I do not think it is well taken. While it is true that the burthen of proof, in such case, is with the party claiming the exemption, to show affirmatively that it is necessary, it is not required that the plaintiff should employ this word, *necessary*, in his evidence; it is sufficient that he show facts that prove, or tend to prove, this necessity to the jury, or to the court. (*Griffin* v. *Sutherland,* 14 *Barb.* 459, *per Parker, J. Wilson* v. *Ellis,* 1 *Denio,* 462.) There was sufficient evidence in this case, before the justice, to authorize his judgment, in this regard.

2. I think the second objection has no merit in it. It is quite immaterial whether, or not, the plaintiff has not other articles beside those levied on, also exempted by statute, which, with those claimed in the action, exceed $250. The statute limits the exemption by enumerating

Smith *v.* Slade.

the articles which, within the value of $250, are exempt, and if the articles so enumerated exceed that limit of $250, the debtor may elect which description of property he will have exempted, if this election is made within a reasonable time. (*Seaman* v. *Luce*, 23 *Barb.* 242, *sustained by Mason, J., Id.* 252. *Lockwood* v. *Younglove*, 27 *Barb.* 506, 508, *per Johnson, J.*)

3. The third objection falls within the rule laid down under the second. It was sufficient for the plaintiff, on the trial, to show that the articles levied on, and claimed to be exempt, are enumerated in the statute as exempt property, when necessary, and then show them to be necessary, and within the limit as to value. Neither the statute, nor the rule of legal evidence, calls upon the plaintiff to prove what else he may own. In *Wheeler* v. *Cropsey*, (5 *How. Pr.* 288,) the court, at general term, in the third district, said : " We think the team of every teamster, and of every other man, where it is necessary to his use, is exempt, although the owner may be worth thousands of dollars in money, or in other property." This view was adopted by the Court of Appeals, in *Wilcox* v. *Hawley*, (31 *N. Y.* 658.)

The exemption in the statute was not made to depend on the pecuniary ability of the debtor; it is a benign and remedial statute, enacted for the benefit of families, from the highest motives of public policy, and it is the duty of courts to see to it that its humane provisions shall not be defeated by technicalities. Being *remedial*, its language is always to be so construed as to give effect to the end the legislature had in view in its enactment; and it is the duty of courts, if possible, to prevent a failure of the remedy intended.

If we are right in our review of this case, the judgment should be affirmed.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Ogdensburgh, November 1, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]