HENRY O. BROOKS, PLAINTIFF, v. CHARLES E. HATHA-
WAY AND E. E. HEATH, DEFENDANTS.

*Execution — Exemption law — Laws of 1859, chap. 134 — duty of debtor, to claim
exemption within reasonable time.*

In the latter part of February, 1874, the defendant, a deputy sheriff, seized a
wagon belonging to the plaintiff under an execution issued against him, and
advertised the same to be sold on March tenth, but subsequently, at the
request of the plaintiff, the sale was postponed. At the time of the levy the
plaintiff owned three or four other wagons, all of which were subsequently,
and prior to April fourteenth, disposed of by him. On the latter day the
defendant took possession of the wagon and sold it, against the objections of
the plaintiff who claimed that it was exempt under chapter 134 of 1859. In
an action to recover for its conversion, *held,* that the plaintiff was bound to make
his election within a reasonable time, and to notify the officer that he claimed
the property as exempt, and that the question whether or not he had made his
election within a reasonable time should, under the circumstances of this case,
have been submitted to the jury.

MOTION for a new trial on exceptions ordered to be heard in the
first instance at the General Term, after a verdict in favor of the
plaintiff.

This action was brought to recover the damages sustained in
consequence of the unlawful taking of a wagon belonging to the
plaintiff. The defendants justified under an execution issued
against plaintiff, in favor of one Sands. The defendant Heath is
the deputy sheriff who levied and sold, and Hathaway aided him
in so doing, and purchased the wagon. Plaintiff claimed that the
wagon was exempt, under the exemption law. (Sess. Laws 1859,
chap. 134.)

The levy was made the last of February, 1874, and plaintiff had
then four teams and three or four other wagons. The sale was
advertised for March tenth. The deputy sheriff testified that,
before that time, plaintiff had a conversation with him about
adjourning the sale. Plaintiff testified that he knew of the levy
ten or twelve days after it was made, and that he brought a letter
to the deputy sheriff, from Sands, requesting him not to sell. The
sale was postponed, and the property remained in plaintiff's pos-
session. About April fourteenth, the deputy sheriff took actual

possession of the property, and then plaintiff forbade him, claiming that the property was exempt. Meantime, the other wagons had been disposed of by plaintiff.

On the trial the learned justice instructed the jury, as matter of law, that plaintiff was entitled to recover the value of the wagon, and defendants excepted. Defendants also asked the learned justice to submit to the jury the question, whether the length of time which had elapsed before plaintiff notified the officer was not sufficient to estop him from claiming the wagon as exempt. This was refused, and defendants excepted.

*A. H. Sewell*, for the appellant. It was a question of fact for the jury to determine, which one of the four teams of horses and which one of the four or five wagons constituted the plaintiff's necessary team, or whether in fact any team was necessary to the support of the plaintiff and his family. (*Daius* v. *Prosser*, 32 Barb., 291; *Baker* v. *Brintnall*, 52 id., 193; *Lockwood* v. *Younglove*, 27 id., 507; *Griffin* v. *Southerland*, 14 id., 457; *Smith* v. *Slade*, 57 id., 637; *Wilcox* v. *Hawley*, 31 N. Y., 656; *Shaw* v. *Davis*, 55 Barb., 392; *Seaman* v. *Luce*, 23 id., 257; *Wilson* v. *Ellis*, 1 Den., 462.) The plaintiff having failed to make known his election within a reasonable time, is presumed to have acquiesced in the levy, and is estopped from claiming that the property was exempt. (*Seaman* v. *Luce*, 23 Barb., 242; *Lockwood* v. *Younglove*, 27 id., 508.)

*Oscar H. Curtis*, for the respondents.

LEARNED, P. J.:

The plaintiff knew of the levy before March tenth; at least the jury might have so found. There was some evidence, too, that shortly after that day he made arrangements to have the property sold before May thirteenth, to which time the deputy sheriff had postponed the sale. The claim that the property was exempt was first made about April fourteenth, more than a month after knowledge of the levy.

Where the judgment debtor has other property, apparently exempt, or which might be exempt, under this act, he must within

a reasonable time after knowledge of the levy, make his election, and give notice to the officer that he claims as exempt the property levied upon. (*Seaman* v. *Luce*, 23 Barb., 240; to the same effect is *Smith* v. *Slade*, 57 Barb., 641; and substantially *Twinam* v. *Swart*, 4 Lans., 263.)

Nothing in *Wilcox* v. *Hawley* (31 N. Y., 655) conflicts with this. There were not, in that case, two or more teams belonging to the debtor, any one of which he might elect to consider exempt. And when a judgment debtor has several teams and wagons, one of which has been levied upon to his knowledge, it would be unreasonable that he should wait for over a month, disposing, meantime, of his other wagons and teams, and then, for the first time, assert that this was his exempt wagon.

Other questions were raised which we need not pass upon. We think it was erroneous to charge, as matter of law, that the plaintiff was entitled to recover, and to refuse to submit the question whether the length of time which had elapsed was not sufficient to prevent a recovery.

It is not necessary to say whether the delay of a month, unexplained, can be reasonable.

A new trial is granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

New trial granted, costs to abide event.