MARTIN RUSSELL, APPELLANT, v. ORVILL DEAN, RESPONDENT.

*Exemption from execution — when it is waived by a failure to assert it — Code of Civil Procedure, sec. 1391.*

Under an execution issued upon a judgment a constable levied upon a span of mules owned and used by the debtor in his business of farming and boating. He was a householder and had no other team. It did not appear what other property he then had. He did not at the time the levy was made, or at any other time, claim that the mules were exempt.

*Held,* that he thereby waived any exemption to which he might have been entitled under section 1391 of the Code of Civil Procedure.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*Howe & Rice*, for the appellant.

*C. W. Avery*, for the respondent.

SMITH, P. J. :

Replevin for a span of mules. Defendant justified as the bailee of one Ostrander who purchased the mules at a sale under an execution against the plaintiff. The plaintiff claimed that the mules were exempt from levy and that no title passed by the execution sale. The case comes up on the report of the referee alone. The referee found that the mules were used by the plaintiff as a team in his business of farming and boating; that he had no other team, and that they were necessary to him in his said business, but it did not appear by the evidence what other property the plaintiff had at the time of the levy. The referee also found that so far as appears the plaintiff did not make any claim to the constable when the mules were taken, or at any other time, that they were exempt; and he did not at any time make such claim to the defendant, but before the commencement of the action he demanded the mules of the defendant and the defendant refused to give them up. The referee held as matter of law that as it did not appear but that the plaintiff had an abundance of household furniture and working tools equally within the $250 exemption, and as he at no time elected and claimed the mules to be exempt, he waived his right of exemption and the defendant was entitled to judgment.

The real question presented is whether, in the absence of proof that the plaintiff had other property covered by the $250 exemption, his omission to claim that the mules were exempt was a waiver of the exemption. The present statute (Code of Civil Pro., § 1391) is substantially like that which preceded it (Laws 1842, chap. 157, as amended by chap. 782, Laws 1866) so far as the question in hand is concerned. Under the former statute it was held in *Hoyt* v. *Van Alstyne* (15 Barb., 568), which was an action for the conversion of a mare, that evidence that the plaintiff was a householder, having a family for which he provided, and that the mare was all the team he had and that it was used in prosecuting the business in which

FOURTH DEPARTMENT, JUNE TERM, 1883.

he was engaged, was enough to entitle him to the exemption. In
*Wilcox* v. *Hawley* (31 N. Y., 648) it was said by DAVIES, J., that
" it was sufficient for the plaintiff to show that this horse constituted
his team ; that he was a householder, and that his household furni-
ture, workman's tools and team did not, in the aggregate, exceed in
value the sum of two hundred and fifty dollars." But that remark
was not intended to overrule *Hoyt* v. *Van Alstyne*, for the same
judge also said that the view taken of the statute in that case was
correct. It is probable that the precise question now up was not
discussed by counsel in either of those cases. In *Seaman* v. *Luce*
(23 Barb., 240) it appeared that the debtor had more than two
horses, which were worth in the aggregate more than the exempt
value fixed by the statute, and it was held that the officer levying
on one of them was not a trespasser, unless the debtor claimed at
the time that the horse levied on was exempt. In *Smith* v. *Slade*
(57 Barb., 637) it was held that it was not necessary for the plaintiff
to show affirmatively that he had not other articles exempted by
statute of the value of $250, or which, with the articles men-
tioned in the complaint, exceeded that sum. But in that case it
was shown that the plaintiff claimed the property at the time of the
sale as exempt from levy and sale on execution, and forbade the
sale on that ground, mentioning each article by name. In *Lock-
wood* v. *Younglove* (27 Barb., 506), JOHNSON, J., said : " The
position now taken is that before a party can recover for property
taken on execution, as exempt property under the act of 1842, he
must show that he has not other property which may be exempt
under the act." To that position the learned judge said there were
two conclusive answers in that case : " In the first place no such ques-
tion was raised upon the trial." Second. That " the horse in question
was claimed by the plaintiff as exempt property, and the sale for-
bidden on that ground." Neither of those answers to the position
exists in the present case. On the whole we think the correct con-
clusion is that it not having appeared either that the plaintiff had
not other property exempt under section 1391 of the value of $250,
or that he at any time claimed the property in question to be
exempt, such property must be deemed to have been in fact liable
to execution. Assuming that he had other property which was
exempt under section 1391, he waived his claim to the statutory

provision in his favor in respect to the property in question by omitting to assert it. The case of *Frost* v. *Mott* (34 N. Y., 253), cited by the appellant's counsel, related to property which was specifically and absolutely exempt under the Revised Statutes. In *Cantrell* v. *Conner* (51 How., 45) the case of Frost is cited as the sole authority, and to the extent of that case only are we disposed to follow the decision in Cantrell's case.

These views lead to an affirmance, and the same result may be reached by another way. The referee found that the demand upon which the judgment was recovered, to enforce which the execution, by virtue of which the mules were sold was issued, was a promissory note given to the defendant for the price of a team bought of him by the appellant and one Post ; and that at the time of such purchase the appellant had no other team than one bay mare worth fifty dollars, but that he made a team of that and one owned by his father-in-law. It does not appear what use the team purchased of the defendant was put to. It not appearing that the appellant and Post purchased as merchants or dealers in horses, it may be assumed that the team sold was of the class of property exempt by the act of 1842, and consequently any article exempt by that act was liable to levy to satisfy a judgment recovered for the price of such team. (*Hutchinson* v. *Chamberlin*, 11 N. Y. Leg. Obs., 248 ; *Cox* v. *Stafford*, 14 How. Pr., 519.) There are no other questions in the case requiring discussion.

The judgment should be affirmed.

HARDIN and BARKER, JJ., concurred.

Judgment affirmed.