CLARENCE J. KNAPP, RESPONDENT, v. THOMAS R. O'NEILL, APPELLANT.

| 46 317 |
| 92 8 |
| 46 317 |
| 159a 102 |
| 46 317 |
| 41ap455 |
| 46h 317 |
| 69 AD³439 |

*Horse owned by a judgment debtor — when it is exempt, as a necessary team, under section 1391 of the Code of Civil Procedure.*

Upon the trial of this action, brought by the plaintiff to recover the value of a horse sold by the defendant, as sheriff, under an execution issued upon a judgment recovered against the plaintiff, evidence was given tending to prove that the plaintiff was a householder, having a family for which he provided, and that he owned and used the horse, in the prosecution of his business, at the time the defendant levied upon and sold it; that the value of the horse was $150 or less, and that he had not other personal property, named in section 1391 of the Code of Civil Procedure, amounting, with the horse, to $250.

*Held*, that the horse was exempt, as a necessary team, under section 1391 of the Code of Civil Procedure.

That if the plaintiff used the horse in any branch of business, such as collecting accounts, carrying passengers or letting the horse for hire, which the plaintiff was carrying on to gain support for himself and family in whole or in part, the horse was exempt within the humane spirit of the statute, which has always received a liberal construction in favor of the parties protected by it.

APPEAL from a judgment entered on a verdict taken at the Onondaga Circuit, and from an order refusing a new trial made upon the minutes of the justice before whom the action was tried.

The action was commenced to recover the value of a horse owned by the plaintiff, which had been sold by the defendant, as sheriff, upon a judgment and execution against the plaintiff.

*Homer Weston*, for the appellant.

*William M. Ross*, for the respondent.

HARDIN, P. J.:

Plaintiff gave evidence tending to prove that he was a householder, having a family for which he provided, and that he owned and used in the prosecution of his business the horse in question when the defendant, by virtue of a judgment and execution, levied upon it and sold it. He also gave evidence, tending to show the value of the horse to be $150 or less, and that he had not other personal propery named in section 1391, amounting with the horse to $250. By such proof his case was made out, and it must be assumed the jury found such facts. (*Hoyt* v. *Van Alstyne*, 15 Barb., 568.)

The case just cited was approved of in *Wilcox* v. *Hawley* (31 N. Y., 653), in which case DAVIES, J., says: " The word ' necessary,' as used in the statute, applies to the household furniture and qualifies the extent of that furniture exempted." The language found in the act of 1842 (chap. 157), as amended by chapter 134 of the Laws of 1859, is not exactly like that found in section 1391 of the Code of Civil Procedure. In the act of 1859, the language is, viz.: " In addition to the articles now exempt by law from levy and sale under execution, there shall be exempted from such sale, necessary household furniture, and working tools and team owned by any person being a householder, or having a family for which he provides." * * * In section 1391 the language is, viz. : " In addition to the exemptions allowed by the last section, necessary household furniture, working tools and team * * * are exempt from levy and sale by virtue of an execution when owned by a person being a householder, or having a family for which he provides except," etc.

There was proof sufficient to warrant the jury in finding that the horse was exempt within the language of section 1391, and its verdict was upon the questions of fact controlling in the case. ( *Wilson* v. *Ellis*, 1 Denio, 462; *Sammis* v. *Smith*, 1 T. & C., 444.) It has been settled that " one horse " is covered by and included in the word " team." (*Harthouse* v. *Rikers*, 1 Duer, 606; approved in *Wilcox* v. *Hawley* (*supra*); *Dains* v. *Prosser*, 32 Barb., 290; *Brown* v. *Davis*, 9 Hun, 44; *Lockwood* v. *Younglove*, 27 Barb., 505.)

We think the trial judge was correct in his instruction to the jury that the burden of proof was upon the plaintiff, in respect to the facts essential to carry the case within the protecting provisions of

the statute. We may properly assume that the jury found that the horse "was necessary to the support of his family or in the prosecution of his accustomed business." (*Wilcox* v. *Hawley, supra.*) We think the trial judge put the case to the jury in a more favorable aspect for the defendant than he was entitled to, and that his exceptions to the charge of the judge, and his refusals to charge, do not point out any error. If the plaintiff used the horse in any branch of business, such as collecting accounts, carrying passengers or letting the horse for hire, which the plaintiff was carrying on to gain support for himself and family in whole or in part, the horse was exempt within the humane spirit of the statute, which has always received a liberal construction in favor of the parties protected by it. "The exemption in the statute was not made to depend on the pecuniary ability of the debtor; it is a benign and remedial statute, enacted for the benefit of families, from the highest motives of public policy." (*Smith* v. *Slade*, 57 Barb., 641.) The plaintiff was entitled to select his own business to support in part or in whole his family. It was not error to refuse to charge that "if it was possible to support his family in some other way that then the horse was not exempt." In *Coysdill* v. *Brown* (5 Hun, 341) it was said the owner "had the right to retain the property and find use for it." We think no error was committed in excluding the particulars of the transactions between plaintiff and his aunt, Miss Schuyler. The evidence did not seem to be relevant to, or important to, any issue arising upon the trial. The foregoing views lead to an affirmance of the order denying the motion for a new trial and of the judgment on the verdict.

Judgment and order should be affirmed, with costs.

FOLLETT and MARTIN, JJ., concurred.

Judgment and order affirmed, with costs.